# CHARLESTON.

## LEFEVER *et al. v.* THOMAS.

### Submitted June 4, 1910. Decided April 4, 1911.

1. PARTIES—*Plaintiffs—Misjoinder.*

    Where plaintiffs have a joint interest, -or seek a common object by means of the suit, though they be not united in interest with each other, there is no misjoinder of parties. (pp. 91, 92).

2. TAXATION—*Tax Deeds—Actions to Set Aside—Parties.*

    In a suit to set aside a tax deed for land illegally returned delinquent and sold, one to whom a part of said land has been sold and conveyed subsequent to the year for which it was so returned as delinquent, is not a necessary party to such suit, the decree in such suit binding him as well as his vendor, and if in favor of the latter, enuring to his benefit. (p. 92).

3. SAME.

    The interest of one who has acquired title to a portion of such delinquent land prior to the year for which it was so returned delinquent and sold in the name of his vendor, is so separable as not to render him an indispensable party to a suit by such vendor to set aside such tax sale and deed; and the court without his presence as a party, may proceed to final decree in favor of such vendor without affecting his interests. (p. 93).

4. SAME—*Double Taxation—Payment of Taxes.*

    Though there has been a parol partition of land between two joint tenants, but no deeds have passed between them, the legal title to the whole remaining invested in them jointly, the assessment of the whole tract to, and payment of taxes thereon by the grantee of one joint tenant by two deeds, one conveying his undivided interest in the whole tract, the other, by metes and bounds, the part allotted to him in severalty by said

partition, will discharge the taxes on the whole tract, render void a delinquent return, sale, and purchase, and the deed to the purchaser, for the taxes for the same year, of the part allotted to the other partitioner, assessed in the name of such partitioners jointly.   (p. 93).

5.   SAME—*Tax Sales—Actions to set Aside—Parties.*
Parties and partitioners thus related in title, and having such interest therein, may properly join in a suit to set aside such tax title. and to remove the same as a cloud on their title. (p. 94).

(BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Doddridge County.

Bill by Content Lefever and others against Lewis Thomas. Decreè for plaintiffs and defendant appeals.

*Affirmed.*

*J. V. Blair* and *W. S. Stuart,* for appellant.

*J. Ramsey,* for appellees.

MILLER, JUDGE:

The decree appealed from adjudged that the sale by the sheriff to defendant Thomas, December 9, 1901, of the tract of twenty five acres, in controversy, and the subsequent deed to him therefor, made by the clerk of the county court, October 13, 1903, were illegal, null and void, vested no title thereto in him, and constituted a cloud upon the title of the plaintiffs Content Lefever and I. J. Lefever, which by said decree it was further decreed should be and the same was thereby removed.

As the bill and record show, said tract is a part of a larger tract, described as containing forty acres, which, in 1874, was conveyed by Morrow and wife to F. J. and I. J. Lefever, intended for N. F. and I. J. Lefever. In March, 1893, N. F. Lefever, by a writing under seal, purporting to be an agreement, but by apt words, undertook to and did, for the money consideration recited, sell and convey to one Burbridge said tract of land, describing it as the same land, conveyed to him and I. J. Lefever by said morrow, and "supposed to be fifty acres, more or less," with covenants of general warranty, and retaining a vendor's lien for the unpaid purchase money. By deed of May 8, 1893, referring to said agreement, and purporting on its face, to have been made in pursuance thereof, the said N. F. Lefever,

for the same consideration, thereby undertook to and did grant, unto said Burbridge, with covenants of general warranty, a tract of land, described by metes and bounds, as containing fourteen and three fourths acres. By deed of June 26, 1896, Burbridge and wife, for the cash consideration recited, and acknowledged, sold and conveyed to plaintiff, Content Lefever, wife of I. J. Lefever, the other plaintiff, with covenants of general warranty, a tract in the same general location, described by metes and bounds, as containing forty two acres, more or less, excepting therefrom, however, three and one half acres, sold to Robert Starkey. While the land lastly described is not, from these title papers, easily identified as the same tract covered by the deed of 1874, from Morrow and wife to the Lefevers, and as covering the fourteen and three-fourths acres, described in the deed of May, 1893, from N. F. Lefever to Burbridge, yet the bill alleges, and it is conceded, that all these deeds are so related to the land, and are properly so identified.

There is also an averment in the bill that plaintiffs, June 26, 1900, re-conveyed six acres, part of said forty acres, to said Burbridge; and, September 16, 1898, to E. E. Davis, one and one-fourth acres thereof, leaving plaintiffs then the owners in fee simple of thirty and one half acres of said forty acres.

The material facts alleged and proven, respecting the tax title to the twenty five acres, claimed by the defendant Thomas, the subject of the present controversy are, that after the deed of June 26, 1896, from Burbridge and wife to the plaintiff Content Lefever, and beginning with the year 1896, the whole tract of forty and three-fourths acres was entered on the land books of said county in her name; and that regularly, each year, and down to and including the year 1905, she was charged with and paid all the taxes charged and chargeable thereon, not excepting the year 1899, for the taxes of which year the twenty-five acres, part thereof remaining taxed also in the name of the said N. F. Lefever and I. J. Lefever, were sold and purchased by said Thomas. Wherefore it is averred that the return of said twenty-five acres, as delinquent in the name of said N. F. and I. J. Lefever, for the year 1899, and the subsequent sale thereof by the sheriff, and purchase by and conveyance to defendant Thomas, the taxes thereon for that year having been fully paid by said Content Lefever, were unlawful and void acts, investing

no title in the purchaser, but constituting a cloud on plaintiffs' title, which a court of equity should remove.

A fact relied on by defendant in answer and proof is that after the contract of March, 1893, and a day or two before the making of the deed from N. F. Lefever to Burbridge, a parol partition of the forty acres was made, in which the fourteen and three-fourth acres, described in said deed, were set off to N. F. Lefever, and the twenty-five acres to plaintiff I. J. Lefever, but that the twenty five acre tract thereafter remained taxed on the land books to both N. F. and I. J. Lefever, in whose names it was so sold and purchased by said Thomas.

Two points arising on the demurrer to the bill, overruled by the court below, are here presented. First, that plaintiff, Content Lefever, because of said parol partition, and the deed from N. F. Lefever to Burbridge, notwithstanding the deed from the latter to her, has no interest in the twenty-five acres, and therefore no right to sue as joint tenant with her husband; second, that Burbridge, and Emery E. Davis, to whom the bill alleges small portions of the forty and three-fourths acres were conveyed, are proper and necessary parties, and that it was error to pronounce the decree appealed from without their presence as parties plaintiff or defendant.

On the first point, technically speaking, at least, plaintiffs are not joint tenants, having one estate of the whole; their respective interests, though representing the same title, were acquired at different periods, and on the theory of the bill, if jointly interested at all, they stood rather in the relationship of tenants in common. *Patton* v. ·*Hoge,* 22 Grat. 443, 450; 2 Min. Inst. (4th Ed.) 494. But the allegation of the bill is not that they were joint tenants, but joint owners, if there is a distinction in law between the two. The deeds exhibited with the bill and vouching the title under which plaintiffs' claim should be looked to, however, rather than the allegations of the bill, to determine the character of the estate held by plaintiffs respectively. We think these title papers alone, or taken in connection with the allegations of the bill, and the evidence in the cause, show such joint or common interest in the land or the object of the suit as entitle plaintiffs to join as co-plaintiffs. In the first place the deed from Burbridge to Content Lefever purports to convey to her the whole tract, color of title at least

thereto, giving her right to protect the title and possession. In the second place, and notwithstanding the parol partition, no deed had passed between the partitioners, and the legal title, at least, to the whole tract, remained jointly invested in N. F. and I. J. Lefever, or in the latter and Burbridge, the former's grantee, or in Content Lefever, to whom Burbridge conveyed the land. Until partition deeds were made, Mrs. Lefever, by the deed to her, acquired such an interest in the whole tract, we think, as entitled her to protect the whole, and her husband standing seized of an. undivided legal estate in the whole, and each claiming not adversely, but in joint right, both had such an interest in the whole tract, not divided by legal title, as entitled them to join in this suit, as co-plaintiffs. "Where plaintiffs have a joint interest, or seek a common object by means of a suit, though they are not united in interest with each other, there is no misjoinder of parties." 1 Hogg's Eq. Proc., section 88. But if Mrs. Lefever was improperly joined as plaintiff with her husband, his right would not be affected thereby. 1 Hogg's Eq. Proc., sections 88, 90; *Beckwith* v. *Seborn,* 31 W. Va. 1, 8. Such ground would not be cause for dismissing the bill as to him.

But were Burbridge and Davis necessary and indispensable parties, making the bill bad on demurrer? It does not appear whether or not, the parts conveyed to them respectively, were transferred on the land books, and they charged with the taxes. Presumably not, however, as to that part conveyed to Burbridge in 1900, subsequent to the year for which the twenty-five acres were returned delinquent and sold and purchased by Thomas. But whatever the fact may be, the title conveyed was the same title as that of the plaintiffs to the thirty and one-half acres, to which they assert title and right as against Thomas, and those parties being in privity of title with plaintiffs no relief was sought or prayed against them, and none could be, but on the contrary the decree in their favor enured to the benefit, and neither they nor the defendants could thereafter be called upon to litigate the same matters with the absent parties. *Callihan* v. *Russell,* 66 W. Va. 524, 531.

But if it be said the defendant was entitled to have the absent parties brought in so as to be bound by the decree if in his favor, we answer, that as to Burbridge who acquired the title after the

year 1899, for which the twenty five acres was sold, he would be bound thereby; and as to Davis, who acquired his deed in 1898, his interests were so separable from those of the parties before the court as not to preclude the court from proceeding to final decree, without affecting his interest; wherefore he was not an indispensable party.    1 Hogg's Eq. Proc., § 91.

While some irregularities in said tax proceedings are averred as constituting grounds for setting aside the tax title, they were apparently not relied on below, nor are they here, and as we see no merit in them they will not be further noticed.

The real and only question of merit presented for decision is, did the assessment to, and payment of taxes by Content Lefever, on the tract of forty and three-fourths acres, save the twenty-five acre tract, part thereof, from delinquency and liability to sale for the non-payment of the taxes charged thereon for the year 1899, in the names of N. F. and I. J. Lefever, for which it was so sold and purchased by the defendant Thomas? In affirming the decree below, we answer in the affirmative. We think this case falls clearly within the principles enunciated in the recent case of *State* v. *Allen,* 65 W. Va. 335, 338, and is not controlled by the prior cases of *Kendall* v. *Scott,* 48 W. Va. 251; and *Bailey* v. *McClaugherty, Id.,* 546, conceding that the latter case propounds correct legal principles, which, speaking personally, I think doubtful. The statute was made in the interest of the State, to get her revenues, not in the interests of land speculators.

The propositions affirmed in *State* v. *Allen,* particularly applicable here are, that "In case of two assessments of the same land, under the same claim of title, for any year, one payment of taxes, under either assessment, is all the State can require"; and that, "Payment of taxes upon an assessment of a tract of land as a whole, nullifies a tax sale of a parcel which has been conveyed therefrom and separably assessed for the same year." Points two and three of the syllabus. This for the reason stated in the first point of the syllabus, and following the language of *Boggess* v. *Scott,* 48 W. Va. 316, 321, that "The State is not entitled to double taxes on the same land under the same title." In the latter case, following *Gerke Brewing Co.* v. *St. Clair,* 46 W. Va. 93, declared by Judge Brannon to be the law everywhere else, it is said: "Actual payment of the taxes for

which a tax sale is made nullifies the sale. Such is the letter of section 27, chapter 31 of the Code; such is the general law without any statute."

But counsel say payment by Mrs. Lefever was not "under the same title", and that this case does not fall within the rule of the cases cited. We realize the case is a close one. Must we not say, however, in a court of equity, that Mrs. Lefever's title was the same as that of her husband, for the purpose of payment of taxes? She acquired the title of Burbridge which he held under the first deed or contract to him investing in him an undivided interest in the whole tract, as well as that acquired by him under the subsequent deed, conveying to him the fourteen and three-fourths acres, segregated by the parol partition; and his deed to Mrs. Lefever invested in her all his interest acquired from any source, in the whole tract, never legally divested, by deed of himself, or of his grantors. In *State* v. *King,* 64 W. Va. 546, 557, it is said: "An undivided interest in land, forfeited for non-entry or sold for delinquency, entitles the owner to redeem. His interest is not severed from that of his associate. It extends to every particle of the land. In the case of tenancy in common, each tenant has the right to the possession of every atom of the land and the possession of one is the possession of the other. The right of redemption is analogous." If such co-owner may redeem the whole, why may he not pay the taxes on the whole and sue jointly or separably to avoid a void tax deed? We see no difference in the principle, precluding such right.

Our conclusion is that the decree below was clearly right, and should be affirmed.

*Affirmed.*