## CHARLESTON.

STATE *ex rel.* HALLANAN V. J. M. WOODS, JUDGE.

Submitted· February 7, 1922.    Decided February 14, 1922.

1. TAXATION—*Board of Review and Equalization—Jurisdiction of Circuit Court to Review Action in Fixing Values.*

   A circuit court has no jurisdiction to review the action of a board of review and equalization fixing the value of property for purposes of taxation, unless upon the hearing before such board the evidence offered upon the question of valuation has been taken\down and certified by the board, as required by law.   Such circuit court may not hear evidence *de novo* for the purpose of fixing such value, or require the board of review and equalization to certify to it the facts upon which such board acted in the first instance in fixing the assessment, where upon the hearing before such board no evidence was offered or taken down as provided by law.   (p. 290).

2. SAME—*Board of Review and Equalization—Questions of Taxability of Property May be Appealed to Circuit Court.*

   Section 132a of ch. 29 of the Code does not provide an exclusive remedy for correcting errors in the assessment of property based upon the question whether the same is or is not taxable, but the question of the taxability of property may be presented by a party complaining, to a board of review and equalization, under the provisions of § 129 of ch. 29 of the Code, and an appeal entertained by the circuit court from the findings of such board.   (p. 292).

Original jurisdiction.

Application for writ of prohibition in the case of Walter S. Hallanan, State Tax Commissioner, against Honorable J. M. Woods, Judge, etc., and others.

*Writ refused.*

*John T. Simms,* for relator.

*Fred O. Blue* and *Forrest W. Brown,* for respondents.

RITZ, JUDGE:

This is an application for a writ of prohibition against the Judge of the Circuit Court of Jefferson county, to prohibit him from trying an appeal taken by the Standard

Lime & Stone Company, a corporation, from the action of
the Board of Review and Eqaulization of. Jefferson county,
assessing its property for purposes of taxation for the year
1921.

It appears that the Standard Lime & Stone Company is
the owner of considerable real estate in Jefferson county
upon which it carries on its · operations. This real estate
is assessed upon the land books of that county together with
the buildings thereon, and the assessor also made an assess-
ment against it on account of its personal property. This
company has had under construction for several years a
building in which was to be carried on a process by which
dolomite is roasted, and certain mineral properties extracted
therefrom. This building, it is contended, so far as it had
been constructed, together with the machinery in it, was
of considerable value, but because of the contention of the
company that it was not completed the · assessor did not
make any assessment against the company on account there-
of. The Board of Review and Equalization, upon an ex-
amination of the assessment against this company, concluded
that there should be some assessment made because of this
roasting plant, and notified the company that it intended
to increase the assessment against it on that account, and
fixed upon the 3d day of August, 1921, to hear the com-
pany in opposition thereto. On that day the Standard Lime
& Stone Company appeared by its counsel and asked to
have the matter deferred to a later day because of the illness
of its President. This was granted, and the 8th day of
August fixed for the hearing. On that day the company's
attorney again appeared, and asked for a further continu-
ance of the hearing on the ground that its President had
just died, but the Board of Review and Equalization de-
clined to further extend the time, for the reason that that
was the last day upon which it could act under the law. The
Board then announced that it had decided, after it had ·
conferred with various people familiar with the value of
the property, and made an examination of it itself, to assess
the Standard Lime & Stone Company, with $250,000.00 as
personal property on account of the uncompleted building

and the machinery therein. The company's attorney introduced before the Board at this time the record of a hearing had before the county court in the previous year showing that the assessor had increased the value of this company's property by the sum of $40,000.00, ostensibly on account of this plant. This seems to have been all of the evidence that was regularly introduced before the Board. Its action in making the assessment of $250,000.00 was objected to by the company upon the ground that it was excessive, and also upon the ground that the Board has no authority to assess the uncompleted building as personal property under the provision of § 42 of ch. 152 of the Acts of the Legislature of 1921, as it purported to do, for the reason that said statute was not in force and effect on the first of April, as of which date the assessment should be made.

From the action of the Board of Review and Equalization in assessing the uncompleted building and machinery therein at the sum of $250,000.00 the Standard Lime & Stone Company applied for an appeal to the Circuit Court of Jefferson County.  With its petition it tendered a record made by the members of said Board showing the proceeding had before it resulting in the assessment. In fact, it tendered two such records, one signed by two members of the Board, and another differing slightly in its context signed by the third member. When the appeal came on for hearing in the circuit court the tax commissioner, the relator here, moved to dismiss the same, for the reason that upon the showing made in the petition the court was without jurisdiction. This motion the court overruled and entered an order requiring the Board of Review and Equalization to certify to the circuit court the evidence heard by it upon which the assessment was fixed. At this stage of the proceedings the relator applied to this Court for a writ of prohibition to prevent the Judge of the Circuit Court from further proceeding, contending that he was without jurisdiction in the premises.

The record made by the Board of Review and Equalization and attached to the petition for the appeal is complete in itself, and shows that the only evidence offered upon the.

question of the amount of the assessment was the record of the proceedings in the former year which, it is argued, has some relation to the question of the present valuation of property. It is true the Board of Review and Equalization certifies that it fixed this assessment after interviewing several people who were acquainted with the property, and after making a personal examination of it, but this proceeding upon the part of the Board was no part of the proceedings before it from which the appeal was taken. That was simply the acquisition by it of information in the same manner that an assessor acquires it. If it was desired to impeach this conclusion of the Board, under the statute, the duty devolved upon the property owner to introduce evidence and have the same taken down and made a part of the record. This was not done. The Circuit Court upon an appeal is authorized to consider only such evidence as is taken down in this way. Of course, if the Board of Review and Equalization had refused to hear any evidence that was offered by the property owner, or allow the same to be taken down upon the hearing, another question would be presented. No doubt the property owner would be entitled to some remedy to compel the performance of this requirement of the law upon its demand being refused. It is quite clear that there was no reason for the entry of the Court's order requiring the Board of Review and Equalization to certify the evidence heard by it, for it appears from its record that no evidence was heard by that Board and taken down, as provided by law. The members of that board simply made this assessment acting in their capacity as assessors, and the only thing that was offered before them when sitting to review the assessment was the record made in the previous year. This record does not prove the value of the property at the time of the making of the assessment. Ample opportunity was given to the Standard Lime and Stone Company to present its evidence upon this question, and while the illness of its president may be sufficient justification to it for not presenting the evidence in its possession, it cannot be held that the failure to produce evidence on account of such illness would justify a reversal of the action

of the Board in making the assessment. If this were the only question presented upon the appeal, we would have to hold that the petition does not make a case conferring jurisdiction upon the circuit court.

But it appears that not only the question of valuation was involved, but the question of the right to assess the property as it was assessed was also involved, and the record of the Board presented and filed with the Standard Lime & Stone Company's petition for appeal clearly presents this question, and if the circuit court, on this appeal from the Board of Review and Equalization, has jurisdiction to review a decision of the Board, involving the question of the taxability of the property, as well as the question of the valuation of it, then the petition for appeal presents a case involving the circuit court's jurisdiction. Prior to the enactment of ch. 50 of the Acts of the Legislature of 1911, this Court held in the cases of *Copp* v. *The State,* 69 W. Va. 439, and *West Virginia National Bank* v. *Spencer,* 71 W. Va. 678, that the exclusive method of reviewing an assessment, either because of the amount thereof, or the taxability of the property involved, was upon application to the Board of Review and Equalization, and, in case of an adverse decision from it, appeal to the circuit court, under the provisions of § 129 of ch. 29 of the Code. Perhaps a strict construction of § 129, read in connection with § 18, would limit the jurisdiction of the circuit court to entertain an appeal from the Board of Review and Equalization to those cases where only the question of valuation was involved, but this Court felt constrained to give § 129 such construction as would afford a remedy to a taxpayer who might be assessed with property which was not taxable at all, in view of the fact that no other provision was made in the law by which relief could be had in such a case. In 1911 the Legislature passed the Act above referred to. By this Act § 132a was added to ch. 29 of the Code, and by this section specific jurisdiction was conferred upon county courts to hear complaints against all sorts of improper assessments, and to correct the same, except that the county courts could not inquire into the valuation of property.

No doubt, it was discovered that to require a property owner to apply to the Board of Review and Equalization, which sat only for a short time in the summer, for relief, would result in inflicting hardship in many cases, for it might well be that a taxpayer would not discover an assessment wrongfully made against him until he went to pay his taxes in the fall of the year, after the time had expired when he could make application to the Board of Review and Equalization for correction, and he would be entirely without a remedy to correct the error, however glaring it might be. Did the Legislature, by adding § 132a to ch. 29 of the Code, provide an exclusive remedy for correcting such erroneous assessments? If it did, then no appeal could be entertained by the circuit court from the Board of Review and Equalization involving the question of the taxability of the property, but such proceedings would have to be in the county court in the first instance, with the right of review by the circuit court, and finally by this Court by writ of error. As before stated, we held, in two cases above referred to, that § 129 was broad enough to confer upon boards of review and equalization the power to pass upon the taxability of property, and if that power is still not possessed by such boards, then it has been taken away by the enactment of § 132a; or, to state the case in other language, the enactment of § 132a by implication repealed § 129 to the extent that it conferred power upon boards of review and equalization to pass upon the question of the taxability of property. There is no language in ch. 50 of the Acts of 1921 which indicates an express intent upon the part of the Legislature to deprive the boards of review and equalization of any power theretofore possessed by them, or to deprive the circuit court of any jurisdiction theretofore conferred upon it to hear any matter which might theretofore have been heard upon appeal from said boards of review and equalization, and the fact that another tribunal is vested with power to hear complaints involving a part of this jurisdiction does not of itself take the jurisdiction away from the tribunal in which it was theretofore lodged. If § 132a had been a part of the law at the time § 129 was construed by the

decisions above referred to, this Court might have held that the jurisdiction to entertain complaints, where the taxability of the property was involved, was in the county court, and the jurisdiction of the boards of review and equalization limited to entertaining complaints involving only the valuation thereof. Having held in those cases, however, that § 129 conferred power upon boards of review and equalization to hear complaints involving not only valuation, but taxability as well, and upon circuit courts the power to entertain appeals from the findings of such boards of review and equalization in both classes of cases, we are not disposed to hold that § 132a has the effect to deprive such boards, or the circuit courts, upon appeal, of the jurisdiction conferred upon them by § 129 as construed by the former decisions of this Court. The effect of the enactment of § 132a is to give an additional remedy, and not an exclusive one. This being the case, it necessarily follows that there is presented to the Circuit Court of Jefferson County by the petition for an appeal a question clearly involving its jurisdiction.

Counsel argue that the right to tax the property, under the circumstances, as it was taxed by the Board of Review and Equalization is clear, but we cannot decide that question on this writ of prohibition. That is the very question which involves the jurisdiction of the circuit court, and so long as that court's jurisdiction exists in relation to any question presented in the case we cannot prohibit it from exercising it, nor can we direct its exercise either one way or the other. The court having jurisdiction of a particular subject matter has just as much power to decide the question involved wrong as it has to decide it right, and the way to correct the wrong decision is by appellate process. This Court cannot direct in advance, upon an application for a writ of prohibition, how the question should be decided.

It follows from what we have said that the writ of prohibition prayed for will be denied.

*Writ refused.*