## CHARLESTON.

LIBERTY COAL COMPANY *et als.,* STATE, *etc., Appellant, v.* C. E. BASSETT, *Chairman, etc., et als.*

(Nos. 6637 and 6637-A)

Submitted November 26, 1929. Decided December 3, 1929.

294

*Everett F. Moore, Conaway & Conaway* and *Allan D. Williams,* for Liberty Coal Company and others.

*Lloyd Arnold,* Prosecuting Attorney, for the State and Marshall county.

HATCHER, JUDGE:

This is a joint proceeding by twelve land owners of Marshall county who appealed to the circuit court from the valua-

tion of their property by the board of equalization and review. The proceeding is now here upon the appeal of the state as well as the applicants from the order of the circuit court, by virtue of Acts of 1929, Chapter 55, amending Code, Chapter 29, section 129, which provides: "The state or any taxpayer shall have an appeal as a matter of right to the supreme court of appeals where the value of the property is fifty thousand dollars or more." The value of the property of one of the appellants, Bertha Coal & Coke Company, as fixed by the circuit court, is $12,125.00. The value of the property of another, Adaline Coal Company, as so ascertained, is $25,300.00. As neither of these values is as much as $50,-000.00 the appeal is dismissed as to these two companies.

The applicants are the owners of undeveloped coal land. It was proved at the hearing before the board of equalization and review that the coal in question is not of as high grade as much of the coal now produced in West Virginia and cannot be profitably mined at the present time. The witnesses divided the property into two groups. The land proximate to river or railroad was termed "front land"; that remote from transportation facilities, "back land". In the opinion of the witnesses, the actual value of the "front land" was $15.00 and of the "back land" $10.00 an acre. The circuit court determined the value of the "front land" to be $25.00 and the "back land" to be $15.00 an acre> The land owners contend that there is no evidence justifying the values found by the lower court.

In this proceeding it is not of consequence that another court could fairly arrive at a different conclusion from the one herein, or that the weight of evidence is against the finding. It is our duty to uphold the lower tribunal if there is substantial evidence for the foundation of its judgment, unless it is plainly wrong. *Gas Co.* v. *Pub. Service Comm.*, 73 W. Va. 571, 581-2-3.

The trial court took the view that it was not bound by the opinions of the witnesses as to the land values. We concur in that view. It is well settled that the unanimous judgments of expert witnesses on a subject such as this which requires no special knowledge in order to form an opinion from the

facts, may be disregarded. "In many cases, expert evidence, though all tending one way, is not conclusive upon the court and jury, but the latter, as men of affairs, may draw their own inferences from the facts, and accept or reject the statements of experts; but such cases are where the subject of discussion is on the border line between the domain of general and expert knowledge, as, for instance, where the value of land is involved, or where the value of professional services is in dispute. There the mode of reaching conclusions from the facts when stated is not so different from the inferences of common knowledge that expert testimony can be anything more than a mere guide." *Ewing* v. *Goode,* 78 Fed. 442, 444. See, also, 22 C. J., sec. 823, p. 728, and cases under note 78, p. 730. Ten of the applicants made returns of their property to the assessor for taxation in 1929, which are in evidence. Eight of these returns are of "back" property. Two fix the valuation of the "back land" at $10.00, one at $12.00 and the remaining five at $15.00 an acre. The trial chancellor properly treated the returns as admissions against interest. *Chicago & N. W. Ry. Co.* v. *Eveland,* 285 Fed. 425; *Rosenberger* v. *Motor Company,* 145 Minn. 408. He was of opinion that since the land owners have made a common cause in this proceeding and have grouped all the "back land" together for the purpose of valuation, the value thereof as admitted by a majority of the owners of that class of property ($15.00 an acre) should be applied to all of the "back land", and so found. We concur in that finding.

In the two returns of "front" property the valuations were given at $15.00 per acre. The circuit court held in regard to the "front land" as follows: "By reason of its shallowness, its close proximity to both rail and river, being less expensive to operate, being of equal quality with the 'back coal', and being at the very door of now existing mines and developments, this 'front coal' in Franklin District now possesses higher value than the 'back coal' in the remaining districts affected. Taking into consideration all of these features, together with the valuations returned, and from a comparative study of the valuations of undeveloped coal similarly situated, but of better quality, in the counties of

Fayette, Logan, McDowell, and Raleigh, which valuations are exhibited in these proceedings as part of the record thereof, I am of the opinion that $25.00 per acre is a fair, true, and actual valuation of the 'front coal'." The assessment of some of the undeveloped coal lands in other counties referred to by the court is greater than $25.00 per acre. The land owners introduced the evidence as to this other coal land. It now becomes them poorly to complain because the trial chancellor partly based his finding as to the "front land", upon a comparison with the higher assessments of the other coal lands instead of with the lower assessments or with the average valuations thereof worked out by their witnesses. The higher assessments of the other coal lands in connection with the facts recited by the court as to the lands under consideration are sufficient to support the finding, and we cannot say that it is plainly wrong. *Wood* v. *Johnson,* 102 W. Va. 484.

The assessor placed the valuation of all the undeveloped coal land in the county at $40.00 an acre. The board of equalization and review fixed the valuation of the properties of some of the applicants at $35.00 per acre and of others at $30.00 per acre. The state contends that the circuit court should not have reduced these valuations. Under the statutes (sec. 129, Chapter 29, Code), it was the duty of the circuit court to determine the case from the evidence certified to it by the board. See *State* v. *Woods,* 90 W. Va. 288, 291. None of the evidence so certified supports the valuations made by the board. The state places special reliance on the well settled rule that public officials will be presumed to have performed their duty. It overlooks the complement of this rule, however, which is that this presumption may be rebutted by proof to the contrary, as was done in this proceeding. See Jones, Comm. on Ev., 1st Ed., sec. 11-b, p. 82-3, par. 15; Idem, 2nd Ed., sec. 32; 22 C. J., p. 124, sec. 61, p. 156, sec. 88; *Dwight* v. *Hazlett,* 107 W. Va. 192.

In oral argument counsel for the state contend that the evidence as to the valuations was too general, and that it should have been specific as to the tract of each applicant. This contention disregards the fact that the assessor treated

all the undeveloped coal as of one value, and that the board of equalization and review recognized only two classifications thereof for the purpose of valuation. The evidence is no more general than the finding of the board, and is, therefore, sufficiently specific under the circumstances of the case.

The state objects to the joinder of the applicants because their properties are held in severalty. As the parties seek a common object, this is no valid objection. *Lefever* v. *Thomas,* 69 W. Va. 88.

In a stipulation between counsel made after the judgment of the circuit court had been rendered and after an appeal had been allowed in this Court, it was agreed that two of the appellants, Faith Coal Company and River Coal & Coke Company, did not return their several properties for taxation to the assessor in 1929. The state now contends that these two companies have no remedy from the valuation placed by the assessor under Code, Chapter 29, sec. 13. This stipulation came too late to affect the ruling of the circuit court now. An appellate court will not consider evidence thus introduced into the record after a final decision is rendered. *Robinson* v. *Mays et al.,* 76 Va. 708.

The order of the circuit court finds that the appellant, Monongalia Improvement Company, is assessed with 2,965.118 acres in Sand Hill District and 1,906.9365 acres in Webster District and values each tract at $15.00 per acre. The order recites: "The valuations of Monongalia Improvement Company in Sand Hill and Webster Districts are the valuations taken from the Land Books placed upon the interest of said Company in several tracts of coal lands in said Districts as the same appears also in detail from its Returns for taxation." The state opposes the reduction in favor of this company on the ground that its interest in the two tracts is undivided and that such interest is not assessed separately to it. This ground does not appear clearly and affirmatively from the record. Consequently, we cannot consider it.

The order of the circuit court is accordingly affirmed.

*Dismissed as to two appellants;*
*affirmed as to the others.*