## CHARLESTON.

Morton Motor Co. *v.* Fidelity & Casualty Co. of New York

(No. 427)

Submitted April 8, 1930. Decided April 15, 1930.

*Sanders, Crockett, Fox & Sanders,* for plaintiff.

*McGinnis & McGinnis, Brown, Jackson & Knight* and *Herman L. Bennett* and *Chas. W. Moxley,* for defendant.

LIVELY, PRESIDENT:

The question here presented is whether the surety on a state road contractor's bond is liable for the purchase price of three trucks bought by the contractor and used by him in building the road. The question was mooted in *Hicks* v. *Randich,* 106 W. Va. 109, 144 S. E. 887, wherein it was held that a surety on a county-district road bond was liable for reasonable repairs to, and work done on, trucks while being used in the construction of the road.

Wright & Hays gave the state a bond in the penal sum of $64,502, with Fidelity & Casualty Company of New York as surety, conditioned that they would comply with the terms and conditions of a contract to build a state road in Raleigh county (assigned to them by Keathley), "and shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them, or any of them, for all such labor and materials for which the contractor is liable." This bond was dated November 1, 1927, and the contract to which it was attached and made a part thereof was dated October 24, 1927. The contract price of the

road construction was $129,003.90. Section 25, c. 43, Code, requires the state road commission to take from the successful bidder a bond with sufficient surety in such amount as the Commission may require, not to exceed one-half of the contract price. The penalty of the bond was $64,502, or one-half of the contract price. The bond was given in pursuance of said section 25, c. 43, Code.

About the last of February, 1928, the road contractors purchased from Morton Motor Company (plaintiff) three trucks for the aggregate sum of $5,150, of which $350 was paid in cash, and the balance to be paid in installments, title being retained by the seller by a conditional sales contract. On September 12, 1928, plaintiff repossessed the trucks by virtue of the conditional contract and resold them at public auction for $600, leaving a balance due it, after crediting payments, of $3,067, including interest; and this suit in equity was begun in which plaintiff charges that the surety on the road bond is liable to it for said balance. The surety company demurred to the bill; the lower court overruled the same, and certified its ruling for review.

Looking to the contract and the bond which is made a part of it, and section 25, c. 43, Code, it is clear that the bond does not make the principal and surety liable for the price of machinery or equipment purchased by the contractor. The bond provides that the contractor shall well and truly pay all and every person furnishing *material* or performing *labor* in and about the construction of said roadway. Machinery is not "material or labor." *United States Rubber Co.* v. *Engineering Co. and American Bonding Co. of Baltimore*, 86 Wash. 180, 149 P. 706, L. R. A. 1915F, 951. But plaintiff relies upon section 12, c. 75, Code (the Mechanics' Lien Statute), which requires legal bodies having authority to contract for the erection of any building or structure for public use, to take from the contractor a bond in a penal sum equal to at least the reasonable cost of the material, machinery, equipment, and labor required for the completion of the contract and conditioned for the payment in full for all such materials, machinery, equipment, and labor used by the contractor. Plaintiff con-

tends that, the bond in question having provided therein that the principal shall "well and truly pay all and every person furnishing material or performing labor," etc., it was the intention of the parties thereto that section 25, c. 43, Code, should not govern, and that section 12, c. 75, Code, should apply, and therefore the last-mentioned section should be read in *pari materia* with the first-named section, and that both sections should be considered as written into the bond, relying upon the familiar principle of law stated in *Hicks* v. *Randich*, 106 W. Va. 109, 144 S. E. 887, 889, namely: "A bond given under a statute must be construed, as to its scope and obligation, to cover the objects of the statute in requiring it, if its words will at all allow such construction, and the statute is to be regarded a part of it."

Should said section 12, c. 75, Code, be considered as a part of this bond and construed so as to extend its protection, not only to materialmen and laborers, but also to the sellers of machinery and equipment? Look to section 25 of the Road Law (chapter 43, Code). It requires the contractor to execute a contract in form, terms, and conditions approved by the road commission, and to execute a good surety or collateral bond in such amount as the commission shall require not to exceed one-half of the contract price. The condition of that bond is not prescribed by the statute. Wide discretion is given the commission in the terms of the bond, not only as to the penal sum (not to exceed one-half of the contract price), but also as to the conditions, nonperformance of which will make the principal and surety liable. The condition of this bond is that the contractor shall well and truly perform the contract according to the terms and specifications, and also that the contractor shall well and truly pay all and every person furnishing material or performing labor on the roadway. We do not think it was in the contemplation of the parties that the bond so worded was intended to protect the seller of machinery and equipment to the contractor; nor do we think that under the two statutes mentioned it was the intention of the lawmakers to require a bond from the contractor of a public structure to cover the purchase price of his machinery,

tools, and equipment which do not go into the structure and become a part of it. *Royal Indemnity Co.* v. *Day, etc.*, 114 Ohio St. 58, 150 N. E. 426, 44 A. L. R. 374; *Nye-Schneider* v. *Bridges Hoge & Co.*, 151 N. W. 942. Said section 12, c. 75, is a part of the Mechanics' Lien Law; and since a mechanics' lien was not available to contractors of public structures, section 12 was designed to give a security to materialmen, laborers, and the like, in the payment of their debts, equal to that provided by a mechanic's lien against private structures. It was intended that laborers and materialmen who furnished labor and material to a public structure should be as secure in the payment of their debts as if they were furnishing materials to or laboring on a private structure. Since section 12 is a part of the Mechanics' Lien Law, it should be construed in harmony with it; it should afford a contractor of a public structure no greater or lesser security that the Mechanics' Lien Law affords a contractor of a private structure. It follows, therefore, that the rules applicable to determine whether a mechanics' lien is available to a contractor of a private structure are also applicable in determining whether the security afforded by a bond given pursuant to section 12 is available to a contractor of a public structure. The seller of a truck to a contractor on a private structure and used by the latter would not be entitled to a mechanics' lien on the structure itself, unless the trucks become a part of that structure. To construe the statute as giving security for the sale price would give to him a greater security than accorded to him if sold to a contractor on a private structure. But adverting to the discretion of the commission in taking this bond and incorporating therein such conditions as to it may seem proper, it will at once be seen that the commission only intended the bond to cover that which is nominated in it; for the penal sum is one-half of the accepted bid for the work, and does not equal the estimated cost of labor and material. Moreover, the contract makes the bond a part of the contract by express terms, and the bond and contract must be considered together. Paragraph 16 of the contract says that the bond is attached to the contract and made a part of the con-

tract. Under the contract and the bond the road contractors agreed to pay all and every person furnishing material or performing labor in and about the construction of the roadway for which the contractor was liable, and the obligation of the surety on the bond went no further than that of the principal. In *Hicks* v. *Randich,* supra, which involved liability on a bond taken by a county court for the building of a county-district road, we held that the parties intended to make section 12, c. 75, apply and that labor and repair parts furnished by a third party to the contractors on trucks then being used on the roadway constituted labor on, and material going into the structure, and therefore covered by the bond. In that case the bond was taken under section 104, c. 43, Code, which fixed the condition of the bond to the faithful performance of the contract. The parties went beyond the statutory condition, and provided that the bond should cover material and labor used in the road, and therefore section 12, c. 75, Code, was applicable. The commission is not restricted as to the condition of a bond taken for a state road, and in the instant case they have made the bond to cover material and labor and made that bond a part of the contract. The two cases are quite different. But even considering section 12, c. 75, Code, as a part of this bond and contract, we think that section should not be construed to give the seller of machinery and equipment any greater security in the payment of his debts from the contractor than he would have had if the structure being constructed was a private one.

The ruling of the trial chancellor is reversed, the demurrer of the surety sustained, and we so answer the question certified.

*Ruling reversed.*