N. K. JULIAN *v*. E. L. CAVIN *et al.*

(CC 449)

Submitted January 13, 1932.     Decided January 19, 1932.

*Dillon, Mahan & Holt,* and *McGinnis & Ashworth,* for plaintiff.

*File, Goldsmith & Scherer,* for defendant Fidelity & Casualty Co. of New York.

396

In this proceeding, the circuit court overruled a demurrer to the bill and certified its sufficiency to this Court.

The bill presents this case: In 1925 the county court of Raleigh County entered into a contract with E. L. Cavin to construct a public road. Cavin gave a bond for the faithful performance of the contract, with Fidelity and Casualty Company as his surety. A roller was necessary in the construction of the road. Cavin leased a roller from plaintiff, used it on the road, failed to pay the agreed rental, and the plaintiff would now hold the surety responsible for the rental.

The bond obligates the surety to payment for material furnished and labor performed in and about the construction of the roadway. As a road roller can hardly be classed as labor or material, the plaintiff would supplement the expressed conditions of the bond by the provisions of Code 1923, chapter 75, section 12, which make a surety of a contractor constructing a public road for a county court also responsible for the cost of *machinery and equipment* used by the contractor in the construction of the road. The statute is in part as follows:

> "It shall be the duty of *** county courts *** to require of every person to whom *it* shall award *** any contract for the *** construction *** of any *** structure *** to be used for public purposes, that said contractor shall cause to be executed *** a *** bond *** conditioned that in the event such contractor shall fail to pay in full for all *** materials, machinery, equipment and labor used by him in the *** construction *** then said bond and the sureties thereon shall be responsible to said material men, furnisher of machinery or equipment and furnisher or performer of said labor, or their assigns, for the full payment of the full value thereof."

The statute therefore plainly specifies the conditions of the bond, and neither the contractor nor the county court can omit any one of them. The roller furnished by the plaintiff may be considered either as machinery or equipment.

It was used by the contractor in constructing the road. Its use was necessary in the prosecution of the work, the use was limited to the road in question, and the sum demanded is merely payment for that use. Under the statute the surety is responsible to the plaintiff for the full value of that use. This position is upheld by numerous decisions. See *Hicks* v. *Randish,* 106 W. Va. 109, and the cases cited in the opinion.

The defendant relies on *Morton Motor Co.* v. *Fidelity & Casualty Co.,* 109 W. Va. 67, in which it was held that a surety was not responsible under Code, chapter 75, section 12, for the price of machinery bought by a contractor and used on a public structure, unless the machinery became a part of the structure. That case is clearly different from this one. The liability of the surety is limited to what may enter into the making of the one structure—not what may be used on the one and then again on other constructions. The roller can doubtlessly be used on many other roads. To require the surety to pay for such a machine would be to extend its liability beyond the one construction it guaranteed. The demand here is not payment for the roller itself, but merely for the use of the roller on this one construction. To require it to pay for this use alone, does not extend its liability in any particular, as that use was as much an integral part of the construction as the very materials of which the road is made. The defendant cites cases from other jurisdictions which exempt the surety from rental for machinery. But those jurisdictions have statutes under which the liability of the surety is much more limited than under our statute, and for that reason those cases are also differentiated.

The ruling of the circuit court is affirmed.

*Affirmed.*