DAYTON RHODES *v.* M. J. RILEY, *et al.*

(No. 7462)

Submitted May 4, 1933.   Decided May 23, 1933.

*Brown, Jackson & Knight,* for appellant.
*E. S. Bock* and *Ben Moore,* for appellees.

HATCHER, JUDGE:

In this suit the seller of two Fordson tractors which were used and entirely worn out in the construction of a state road by the contractors, recovered a joint judgment in the circuit court for the unpaid balance of the purchase price of the machinery from the contractors (now insolvent) and the surety on their bond. The surety alone appealed.

The bond, executed in 1927, was in compliance with Code 1923, chapter 43 (Public Highways), section 25, and is conditioned to "pay all and every person furnishing material or performing labor in and about the construction of said roadway." It is obvious that the words "labor" and "material" as ordinarily defined, do not embrace tractors. Counsel for Mr. Rhodes contend, however, that as a road is a structure (under *State* v. *Indemnity Co.,* 99 W. Va. 277, 128 S. E. 439) the requirements of Code 1923, chapter 75, section 12, will be treated as if included in the bond (under *Lbr. Co.* v.

*Smithey,* 107 W. Va. 482, 148 S. E. 850). We consider this contention well made. The mandate of section 12 is that *all legal bodies* with authority to contract for the construction of any public structure shall require a bond conditioned that in event the contractor fails to pay in full for all materials, machinery, equipment and labor *"used by him"* in the construction, then the bond and the sureties thereon shall be responsible to the materialmen, furnisher of machinery or equipment or labor, or the performer of labor or their assigns for the full payment of the full value thereof. Counsel contend that under section 12, "the use is the test" and that machinery entirely worn out in the process of the construction becomes in effect *a part of the structure.* Counsel have been very diligent in search for and presentation of decisions. But as the statutes differ in the several jurisdictions, few of the decisions have been of service. For example, the California statute under consideration in *Young Mach. Co.* v. *Cupps,* 2 P. (2d) 321 (a case stressed by counsel) provides that the bond of a contractor on a public work shall guarantee the payment of any materials, etc., "used in, upon, for or about the performance of the work." It is apparent that the words of section 12, *"used by him (the contractor) in the construction",* cannot be given the broad significance of the more comprehensive terms of the California statute.

The case directly in point is our own case of *Morton Co.* v. *Casualty Co.,* 109 W. Va. 67, 152 S. E. 860, which held that since chapter 75, *supra,* was the one on *Liens,* section 12 should be construed in harmony with the mechanics lien law. In pursuance of that construction, it was further held that the bond under section 12 afforded the furnisher of machinery to a contractor on a public work no greater security than a mechanics lien would afford such furnisher to a contractor on a private structure; and since such furnisher could not ordinarily maintain a mechanics lien for machinery which did not become a component part of the completed structure —which did not increase "the value of the realty by becoming a part of it," the bond under section 12 would not cover such machinery. See generally on Mechanics Liens, 18 R. C. L., p. 923, sec. 53, and 40 C. J., p. 85, sec. 65. The *Morton* case related to trucks sold a state road contractor. While the

court seemed hesitant in that case to declare that section 12 should be read into a bond for labor and materials given under chapter 43, section 25, the opinion did, in effect, so treat the bond, saying: "Nor do we think that under the two sections mentioned, it was the intention of the lawmakers to require a bond from the contractor of a public structure to cover the purchase price of machinery, tools and equipment which do not go into the structure and become a part of it." See pp. 70 and 71. We approve the decision in the *Morton* case. And we are of opinion that under the narrow test established by that case, a bond under section 12 does not cover the *use value* of machinery worn out on a public construction when the machinery is or should be a part of the contractor's regular equipment. The application of this insular rule brings us to common ground with the majority of the courts. It is generally held that the surety of a contractor on a public work is not liable for the price of anything in the contractor's regular equipment. A contractor is expected to have such equipment as would ordinarily be used in the performance of his contract. "The law was not intended to permit a contractor to go onto a bonded job with a run-down outfit and have it rebuilt at the expense of his sureties. Public contracts require the contractors to furnish their own equipment." *Clifton* v. *Narden*, (Minn.) 226 N. W. 940, 941. The regular equipment is furnished the contractor "upon his own credit presumably, and not upon the implied credit of the public." Donnelly, The Law of Public Contracts, sec. 331.

Counsel place special reliance upon the case of *Julian* v. *Cavin*, 111 W. Va. 395, 162 S. E. 318, wherein we held that under section 12, *supra*, the bond of a contractor on a public road covered the rent of a roller used in constructing the road. It does not appear in that case whether the roller should have been a part of the contractor's regular equipment. If not, and if used exclusively and consumed entirely on that particular job, the roller would be included under the term "equipment" as used in section 12, and the opinion would be justified for that reason. If, however, the roller should have been a part of the contractor's regular equipment, the opinion cannot be sustained under the test established by the *Morton* case. If the surety does not underwrite the regular

equipment of a contractor, the surety is no more liable for a leased roller than a purchased roller. We are expressly supported in this conclusion by the Supreme Court of Ohio in *Indemnity Co.* v. *Day*, 114 Ohio St. 58, 71-2, 150 N. E. 426.

This cause was submitted upon an agreed statement of facts, which does not mention the relation the tractors bore to the regular equipment of the contractor. We naturally infer that the tractors were regular equipment. But as the parties have agreed to the facts, we prefer that they themselves should classify the tractors rather than that we should indulge our inference.

Accordingly, the decree of the lower court is reversed in so far as it finds against the surety on the tractors, and the cause is remanded for further development.

*Reversed and remanded.*