NATIONAL EQUIPMENT CORPORATION *et al. v.* W. L. PINNELL *et al.*

(No. 7619)

Submitted January 16, 1934. Decided January 23, 1934.
(Rehearing denied February 27, 1934)

*Ernest K. James* and *Campbell & McClintic, Harper & Baker* and *Roscoe H. Pendleton* and *H. E. De Jarnette,* for appellant American Surety Co. of New York.
*Arthur F. Kingdon,* for appellees.
*Hartley Sanders,* as amicus curiæ.

HATCHER, JUDGE:

This appeal involves the obligation of principal contractors

and their surety to pay the balance due from subcontractors for machinery used on the work, for repairs on the machinery, and for other mechanical supplies.

About the first of June, 1931, defendants Pinnell & Pfost contracted with the State Road Commission to grade a certain roadway and executed a bond with defendant American Surety Company as surety. Shortly afterwards defendants K. J. Smith & Son were given a subcontract to perform part of the grading. The Smiths then purchased from plaintiff National Equipment Corporation five new "dumptors" (dumping tractors) at the price of $32,325.00. The dumptors were operated by the Smiths on the work in question until March 1, 1932. On that date the Smiths were due the Equipment Corporation a balance of $17,243.75 on the purchase price and $1,278.40 for repair parts on the dumptors. The Smiths also owed plaintiff Bluefield Supply Company an account on that date of $6,431.81. The account embraced repairs on the dumptors, general mechanical supplies, and the rent on certain pieces of machinery used in this work. The circuit court found for the respective plaintiffs the several sums above enumerated, and decreed recovery thereof from all of the defendants. The principal contractors and the surety appealed.

The appellants contend that the bill is multifarious because the claims of the two plaintiffs are separate and distinct. The bond of the contractors is for the benefit of all who have claims against them. In order to preserve that common interest it is essential that all claimants be brought into the same suit. In such event, it is permissible to join them as plaintiffs. *Lefever* v. *Thomas,* 69 W. Va. 88, 92, 70 S. E. 1095; *Coal Co.* v. *Bassett,* 108 W. Va. 293, 150 S. E. 745.

The appellants claim that the performance of the dumptors did not equal the representations which the Equipment Corporation made to the Smiths. The Corporation counters that failure of performance, if any, was due solely to the failure of the Smiths to render proper service to the dumptors. There is a mass of testimony *pro* and *con.* On this, the finding of the circuit court is against the claim and we cannot say the finding is wrong.

The condition of the bond required by Code 1931, 17-4-16, so

far as it relates to payment by the contractor, is that he shall pay for all "material, machinery, equipment and labor used by him in and about the performance" of his contract. The bond of the surety herein is not in the exact words of section 16, but counsel agree that the bond should be construed in accordance with that statute. The condition of the bond required by Code 1923, ch. 75, sec. 12, now Code 1931, 38-2-39, is that the contractor shall pay in full for all "materials, machinery, equipment and labor used by him in" the performance of the work. The conditions of the two statutes are so nearly identical that the slight difference in language is not material. The revisers of the 1931 Code, who drafted the condition in 17-4-16, refer to it themselves as "a like condition" to the one in 38-2-39 (Code 1923, ch. 75, sec. 12). See the revisers' note to 17-4-16. So we construe the two conditions as meaning the same. In *Rhodes* v. *Riley,* 113 W. Va. 679, 169 S. E. 525, we held that the bond of a public contractor under Code 1923, ch. 75, sec. 12, was not liable for the purchase price or rental of anything which was or should have been a part of the contractor's regular equipment. That decision was reached after an exhaustive study of the subject in which we were aided by the research of able counsel. We adhere to that decision and extend it to 17-4-16. Machines performing similar work to that of the dumptors are *regular* equipment on roadwork like that undertaken by the Smiths. Therefore, the finding of the circuit court against the appellants for the balance due on the purchase price of the dumptors is error.

In *Hicks* v. *Randich,* 106 W. Va. 109, 144 S. E. 887, we held that the contractor and his bondsmen were liable "for work done in repairing the contractor's trucks while they are being used to haul rock and material for the road base, and for the reasonable value of repair parts placed by him in the trucks while so used." That holding is questioned by the appellants. It was made after much research and study and we see no reason now to depart from it. Neither do we see any useful purpose in repeating here the argument made and the supporting authorities cited there. The case speaks for itself. However, the several accounts are challenged in part by appellants on the ground that they contain charges for the rent

or for the purchase of mechanical devices, etc., which should have been part of the subcontractor's regular equipment. *Prima facie* the challenge seems to have substance and the case should be further developed as to those charges.

Consequently, the judgment is reversed entirely as to appellants and the cause remanded for further proceedings not at variance with the principles announced herein.

*Reversed and remanded.*