455 S.E.2d 814

**David P. BOOKMAN, Plaintiff Below, Appellant,**

v.

**HAMPSHIRE COUNTY COMMISSION, Defendant Below, Appellee.**

No. 22482.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided March 2, 1995.

256

David P. Bookman, appellant, pro se.

Stephen W. Moreland, Hampshire County Pros. Atty., Romney, for appellee.

NEELY, Chief Justice:

We granted this appeal to revisit an issue that we dispatched summarily in *Liberty Coal Co. v. Bassett*, 108 W.Va. 293, 150 S.E. 745 (1929)—namely, whether *W.Va.Code* 11–3–25 [1967] is constitutional when it limits Supreme Court of Appeals review of property valuation cases to those cases where the amount of property involved equals or exceeds $50,000.[1] After careful consideration of both the appropriate standard of review when statutes involving exclusively economic matters are challenged constitutionally and the way in which property taxation matters are actually handled in the fifty-five counties, we conclude that the provision in *W.Va.Code* 11–3–25 [1967] that allows appeals only when the amount in controversy equals or exceeds $50,000 is constitutional.

David P. Bookman owns a parcel of rural property in Hampshire County that was appraised for the 1993 tax year at $31,900. On 3 February 1993, Mr. Bookman appeared on his own behalf before the Hampshire County Commission, sitting as a board of equalization and review, and sought a reduction in the assessor's evaluation. The board of equalization and review denied Mr. Bookman's request for a reduction, and Mr. Bookman then appealed that decision *pro se* to the circuit court. After much discussion of the appropriate procedure to be followed, the circuit court finally decided to hear the matter *de novo*, and at the hearing in circuit court, Mr. Bookman testified and introduced the testimony of Sharon B. Saville, a licensed residential appraiser. The court heard testimony from the Honorable Stanley Lee, assessor of Hampshire County, and his deputy, William Coleman. The court also received and reviewed documentary evidence tendered by both parties and, thereafter, affirmed the decision of the board of equalization and review.

The property in question consists of a one-acre homesite that is part of a larger 158 acre tract that is also owned by the appellant. Appellant's property was personally inspected by two employees of the Hampshire County assessor's office, and the information obtained from the field inspection reveals that the property had: (1) a well on the site; (2) a septic system on the site; (3) access by a dirt road; (4) a one-story frame dwelling erected in 1975 and remodeled in 1983; (5) no basement; (6) no central heating; (7) the structure was in fair physical condition but below average condition; (8) materials and workmanship were below average grade, one grade above the lowest grade; (9) condition, desirability and utility of the property (CDU factor) poor due to the location and other property deficiencies; (10) the existence of other improvements; and, (11) the one-acre homesite was a grade D site, being below average and one grade above the lowest grade.

Based upon the foregoing objective and subjective information, the subject property was then considered and analyzed in relation to comparable sales of one-acre homesites in

1. *Liberty* dismissed an appeal from two landowners "by virtue of Acts of 1929, c. 55, amending Code, c. 29, § 129, which provides: 'The state or any taxpayer shall have an appeal as a matter of right to the supreme court of appeals where the value of the property is fifty thousand dollars or more.'" *Liberty*, 108 W.Va. at 295, 150 S.E. at 745.

Romney District of Hampshire County, as documented by the assessor from local land transactions. From the value of the one-acre homesite based solely on comparable sales, the assessor applied a subjective economic factor that reduced the value by 25 percent because of the remote location and lack of public electric service to the premises. The remoteness of the property was balanced by the assessor as both a positive and negative factor with regard to total value because the undisputed highest and best use of the property was as a hunting cabin or a weekend retreat, and although remote, the property bordered an 8,000 acre public hunting area.

The real issue in this case, of course, is not the correctness of the circuit court's decision that the board of equalization and review properly assessed Mr. Bookman's property, but whether the $50,000 threshold value required by *W.Va.Code* 11-3-25 [1967] before an appeal to this Court may be allowed is constitutional. Nonetheless, we summarize the underlying facts of this case simply to highlight the reasonableness of the legislature's decision that due process is adequately served by a property owner's right to appeal from the assessor to the board of equalization and review and thence appeal from the board of equalization and review to the circuit court when the value of property is below $50,000.

■ The arbitrary $50,000 threshold for Supreme Court of Appeals review of property assessments is entirely an economic issue. Consequently, in determining the statute's constitutionality, we are required to apply no higher standard of review than the "reasonable relationship" test articulated in *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Statutes that do not affect suspect categories such as race or sex come to us with a strong presumption of their constitutionality. As the Supreme Court said in *McGowan*, "[a] statutory discrimination will not be set aside if any stated facts reasonably may be conceived to justify it." 366 U.S. at 426, 81 S.Ct. at 1105. And,

as this Court said in Syl. pt. 7, *Atchinson v. Erwin*, 172 W.Va. 8, 302 S.E.2d 78 (1983):

Where economic rights are concerned, we look to see whether the classification is a rational one based on social, economic, historic or geographic factors, whether it bears a reasonable relationship to a proper governmental purpose, and whether all persons within the class are treated equally. Where such a classification is rational and bears the requisite reasonable relationship, the statute does not violate Section 39 of Article VI of the *West Virginia Constitution*.[2]

*In accord*, as modified, Syl. pt. 2, *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W.Va. 223, 438 S.E.2d 15 (1993); Syl. pt. 2, *E. H. v. Matin*, 189 W.Va. 102, 428 S.E.2d 523 (1993); Syllabus Point 2, *O'Dell v. Town of Gauley Bridge*, 188 W.Va. 596, 425 S.E.2d 551 (1992).

Indeed, in *State ex rel. Heck's, Inc. v. Gates*, 149 W.Va. 421, 141 S.E.2d 369 (1965) at Syllabus Point 8, we reiterated that "[t]he well settled general rule is that in cases of doubt the intent of the Legislature not to exceed its constitutional powers is to be presumed and the courts are required to favor the construction which would consider a statute to be a general law." Cited with approval in *State ex rel. Moody v. Gainer*, 180 W.Va. 514, 516, 377 S.E.2d 648, 650 (1988); *see also, State ex rel. Deputy Sheriff's Association v. County Commission of Lewis County*, 180 W.Va. 420, 376 S.E.2d 626 (1988).

■ Applying these standards to the case at hand, we find that the legislature has rationally concluded that it is a waste of taxpayer and government money to provide a third level of appeal in property assessment cases when the value of property is under $50,000. Indeed, the facts before us adequately demonstrate the rationality of the legislature's conclusion in this regard because the difference between the property owner's evidence of a $17,000 value and the almost $32,000 actual assessment is only $15,000. Furthermore, the board of equalization and review provided the property own-

---

**2.** Syl. pt. 4, *Gibson v. W.Va. Dept. of Highways*, 185 W.Va. 214, 406 S.E.2d 440 (1991), modified *Atchinson* by removing "the reference to Article VI, Section 39 of our Constitution and substitut[ing] Article III, Section 10...." *Gibson, supra*, 185 W.Va. at 214, 406 S.E.2d at 445.

er with a full hearing, and the circuit court heard this issue *de novo*.[3]

Given that assessors, county commissioners, and circuit judges are elected at the local level and rely upon voter goodwill for their continued tenure in office, there is no reason to believe that landowners will not get as accurate an evaluation of the value of their property in a three-step local proceeding as they would get if we added one more layer of Supreme Court of Appeals review. Furthermore, it should be pointed out that both the State and the landowner are allowed to appeal assessments, and for every landowner who might put the state to the expense of going to the West Virginia Supreme Court of Appeals for a property appeal, there is probably an outraged assessor or deputy state tax commissioner who would put the landowner to an appeal when the assessor lost at the local level.

Finally, the court can see no prominent specter of local home cooking in the profile of cases where the total value of the property in question is less than $50,000. It will hardly come as a surprise to most readers that local county officials are capable of serving up a dose of home cooking to out-of-state landowners and even to West Virginia landowners who live outside a particular county. After all, property taxes are the preeminent support of local services, particularly schools, and, therefore, it would bespeak an untutored knowledge of human nature to discount entirely the possibility of local bias against large landowners at the local level. The legislature, to safeguard against such possible bias, allow appeals from circuit court orders involving property assessments in excess of $50,000 to this Court, but we find that the arbitrary threshold value of $50,000 is entirely reasonable. Therefore, this appeal is dismissed because the appeal was improvidently awarded in the first instance and, accordingly, the judgment of the Circuit Court of Hampshire County is affirmed.[4]

Affirmed.

**3.** Mr. Bookman appears in this Court *pro se* and asserts numerous procedural irregularities in proceedings before the board of equalization and review and before the circuit court. Because Mr. Bookman is not a lawyer, it is difficult to determine from his otherwise well-written and cogently argued brief the exact nature of his complaints in this regard. Nonetheless, upon our review of the total record, we believe that Mr. Bookman received a full and fair hearing below in that he was allowed to introduce his own testimony and the testimony of such experts as he chose to call, and he was afforded an opportunity to cross-examine personnel in the assessor's office and to inquire into the methodology by which the assessment of his property was made.

**4.** Because we conclude that the legislature's limitation of appeals to this Court in property evaluation cases is constitutional, we need not address Mr. Bookman's specific assignments of error concerning the valuation of his property.