# CHARLESTON.

MERTENS *v.* CASSINI MOSAIC & TILE CO., *et al.*

Submitted February 12, 1903.   Decided April 18, 1903.

1.   REAL PROPERTY—*Mechanic's Lien.*
    A three-story building on a corner, at the intersection of an Avenue and street, and another building, two stories high,

built at a different time, but adjoining the first mentioned, and fronting on the street, constitute a block, called the "Harvey Building," in the city of Huntington. P. contracted with H., the executor of the deceased owner of the property, to alter and repair each of the said buildings, but by separate agreements in writing, respectively relating to each of said houses, executed on different dates, and for different sums, to be paid to the contractor. Said contracts were duly recorded before any labor was performed upon, or materials furnished for, either of said buildings. The defendants performed labor upon, and furnished materials under contracts with P. for, the alteration, and repair of said buildings, provided for in said contracts between P. and H. The sub-contractors assert, in this suit, their demands against P. for said labor and materials, as liens upon said property; but their accounts filed therefor, do not specify upon which of said buildings, or parts of said "Harvey Building," or block, the said labor was performed, or for which said materials were furnished. *Held:* The said accounts are insufficient, and cannot be enforced as liens on said property. (p 193).

Appeal from Circuit Court, Cabell County.

Bill by W. M. Mertens against the Cassini Mosaic & Tile Company and others. Decree for plaintiff, and certain defendants appeal.

*Reversed.*

T. H. Harvey, Peyton & Perkinson, R. L. Blackwood, and Mr. Fitch, for appellants.

Simms & Enslow and Northcott, Perry & McComas, for appellees.

Miller, Judge:

On the 13th day of April, 1899, W. W. Peyton entered into and signed and sealed an agreemene with H. C. Harvey as executor of R. T. Harvey, deceased, whereby he covenanted and agreed to remodel and repair the front half of the "Harvey Building" situated on the northwest corner of Third Avenue and Tenth Street in the City of Huntington, Cabell county, West Virginia, as provided for and in accordance with certain plans and specifications referred to and made a part of the contract. Peyton further agreed to do all the work and furnish all the materials for the completion of said work, and that the

same should be done and performed in first-class style and to the full satisfaction of Harvey, or such architect or superintendent as he might designate; and to fully complete the work on or before the 30th day of June, 1899, and failing to complete said work on said last mentioned date, Peyton agreed to forfeit unto the said Harvey the sum of ten dollars for each and every day after the said 30th day of June, 1899, until said work should be fully completed. There are other provisions of the contract not necessary to be mentioned, as they are not in controversy in this suit. Harvey, who also signed and sealed said contract, agreed and covenanted to pay to Peyton as full compensation for the performance of the contract as set out, three thousand, nine hundred and forty dollars, to be paid as the work might progress, that is to say, from time to time, as certain estimates might be furnished, eighty per cent. of the amount of said estimates, and the balance of three thousand, nine hundred and forty dollars, to be paid when said building should be fully completed. The said contract was acknowledged by both of said parties thereto, and was, on the 15th day of April, 1899, duly admitted to record, and recorded in the office of the clerk of the county court of Cabell county.

On the 3rd day of May, 1899, said Peyton and Harvey made, signed and sealed another agreement bearing the date last aforesaid, whereby and in consideration of thirty-four hundred dollars to be paid by said Harvey, the said Peyton agreed and covenanted to remodel and repair the north half of the said Harvey building, fronting on Tenth Street, between Second and Third Avenues, in acordance with certain plans and specifications which were made a part of said last mentioned contract. The said Peyton agreed to fully complete the first floor of the last mentioned building, or part of the Harvey building to be occupied as the postoffice, on or before July 1, 1899; and to fully complete the balance of said work on or before the 20th day of July, 1899; and failing to complete said work as above set forth, Peyton further agreed to forfeit to Harvey, ten dollars for each and every day said work should not be completed, as aforesaid. The other stipulations contained in the last, are substantially as those in the first mentioned contract. The latter contract was also acknowledged by the par-

ties thereto, and duly recorded in said clerk's office, on the 3rd day of May, 1899.

Said Peyton entered upon the work agreed to be done by him under said contract, but failed to complete the same within the time specified in said contracts; and on the 18th day of August, 1899, he abandoned the work in an unfinished condition. During the time he was doing the work on the said building or buildings, under his contract aforesaid, various persons and firms, as it is alleged, performed the work and labor upon, and furnished material for altering and remodeling said buildings, under contracts with him, and were not paid for said work, labor or materials.

At January Rules, 1900, W. M. Mertens filed his bill in equity in the circuit court of Cabell county, against the Cassini Mosaic Tile Company, Samuel Beswick, P. Hanson, A. C. Howell, B. F. Lacock. H. C. Harvey, executor of the last will and testament of R. T. Harvey, deceased, H. C. Harvey, Thomas H. Harvey, C. H. Harvey, Fannie L. Harvey, Charlotte E. Harvey, The Union Savings Bank & Trust Company, corporation, H. C. Simms, trustee, and W. W. Peyton. In the bill it is alleged that in the early part of the year 1899, defendant H. C. Harvey, executor as aforesaid, contracted with the above named defendant, W. W. Peyton, for the altering, remodeling and repairing of a building to be used as a business house on the lots owned by the above named H. C. Harvey, Thomas H. Harvey, C. H. Harvey, W. H. Harvey, Fannie L. Harvey and Charlotte E. Harvey; and the said H. C. Harvey was duly authorized as agent of the owners thereof, to make said contract; that in pursuance of said contract, said W. W. Peyton bought of plaintiff, material to be used in altering, remodeling and repairing said building, and that under said contract with said Peyton, principal contractor, for such altering, remodeling and repairing said buildings, as was provided for in the contract between H. C. Harvey and Peyton, plaintiff furnished material as aforesaid, to the amount of five hundred and fifty-four dollars and thirty-seven cents, and that said material was used for that purpose; and that plaintiff within thirty-five days after the same was furnished as aforesaid, filed with said H. C. Harvey an itemized account of the material furnished, verified by affidavit, and also filed an itemized account with the

clerk of the county court. A copy of said account and affidavit thereto appended, is filed with the bill as part thereof; and that the following mechanics' liens, in favor of said defendants, appear of record in the clerk's office, to-wit: The Cassini Mosaic & Tile Company for two hundred and ninety-nine dollars and eighty-five cents; Samuel Beswick twenty-four dollars and forty-three cents; P. Hanson, three hundred and seventeen dollars; A. C. Howell, seven hundred and ninety-eight dollars and twelve cents; and B. F. Lacock, two hundred and eleven dollars and eighty cents. Certified copies thereof are also made parts of the bill, which prays that plaintiff's said demand may be declared a lien on said property; that said property be sold to satisfy said claim; that the sufficiency and validity of the other alleged liens, be determined; that all liens on said property be marshalled, and for general relief.

Said W. W. Peyton filed his answer to said bill in which he says that he did contract with his co-defendant, H. C. Harvey, executor, to alter, remodel and repair a building to be used as a business house; that the said contract was not single, but consisted of three several contracts, as follows: The first contract is dated April 13, 1899, whereby he, for the sum of $3,-940.00 agreed to remodel and repair the front half of the Harvey building, situate on the northwest corner of Third Avenue and Tenth Street, in the city of Huntington. The second contract is dated May 3, 1899, whereby he, for the sum of $3,400.00 agreed to remodel and repair the north half of said Harvey building; and the third contract is dated May 22, 1899, whereby he, for the sum of $850.00, agreed to do certain additional work on the Tenth Street side of the main or three-story building; that he had fully completed said third contract, and that the same had been fully paid for; that under the first and second contracts he was compelled to, and did, quit work, on the 18th day of August, 1899. He also denies that he owes the plaintiff any part of his said alleged demand. The defendants, Sam Beswick, P. Hanson, B. F. Lacock, A. C. Howell and Cassini Mosaic & Tile Company, also filed their several and respective answeres to the bill, to which answers and each of them defendant H. C. Harvey, executor, excepted in writing and also demurred. Said H. C. Harvey,

executor, also filed his replication and answer to said answers of his co-defendants, Sam Beswick and the Cassini Mosaic & Tile Company, theretofore filed to the bill in said cause, in which replication and answer said Harvey says there are two buildings on the lots mentioned in the papers of the cause, and the same were erected at different times; the front building being sixty feet front on Third Avenue and extending back seventy feet, is three stories in height; while the other one fronts seventy feet on Tenth Street, extends back upon both lots, and is two stories in height; that the said buildings were to be repaired and remodeled under two separate contracts. He denies that the material or work mentioned in either of said answers, was furnished or done in pursuance of either of said contracts, and alleges that each of said defendants has failed to show by their accounts, what part of the alleged work was performed upon, or what material was furnished for each or either of said buildings. On the 17th day of July, 1900, the said cause was heard upon the bill, the separate and respective answers of Sam Beswick, P. Hanson, B. F. Lacock, The Cassini Mosaic & Tile Company, the demurrer and exceptions of H. C. Harvey, executor, to the bill and to each of said answers, the separate answer of W. W. Peyton with general replication thereto, and upon the several and respective petitions and answers of Hagen & Company, Peyton and Perkinson, L. Schreiber & Sons Company, Emmons, Hawkins & Company, and Turley Brothers, who have been made parties to the suit; whereupon the court, being of the opinion that the exhibits filed with the bill, purporting to be the mechanics' lien of Sam Beswick, Ex. No. 4a., P. Hanson, Ex. No. 5, A. C. Howell, Ex. No. 6., and B. F. Lacock, Ex. No. 7, and referred to and made exhibits with their said respective answers, were wholly insufficient to create liens on the real estate mentioned in the cause, the said demurrer to the bill was sustained, so far as the same relates to the said exhibits, and the demurrer and exceptions to the answers of P. Hanson, A. C. Howell and B. F. Lacock, and the answer of Sam Beswick as far as it relates to the lien claimed by virtue of Ex. No. 4a; and the said alleged liens of P. Hanson, A. C. Howell, B. F. Lacock and Sam Beswick; Exhibit No. 4a, and each of them were held invalid and of no effect. As to all other matters, said demurrer

and exceptions were overruled. Thereupon the said cause was referred to D. E. Matthews, one of the commissioners of the court, to take, state and report an account showing the amount, if anything due, from said W. W. Peyton to plaintiff; and defendants Sam Beswick, on Exhibit 4, not including the items thereof exhibited as aforesaid; and the Cassini Mosaic & Tile Company; the amount, if any, due from H. C. Harvey, executor, to W. W. Peyton on the two contracts set out in said Harvey's answer, after allowing to said Harvey credit for payments made theeron; the liquidated, and unliquidated, damgaes to which he was entitled; and the amount, if any, to which he was entitled for money expended by him in completeing the said buildings according to the terms of said contracts; and the liens on the amount which might be ascertained to be due from Harvey, executor, to Peyton; by whom held; the amount thereof; the nature and priority thereof; and the proportion and to whom the same should be paid, in case such amount, if any, should not be sufficient to pay said liens in full.

Said D. E. Matthews, commissioner, under said order, of reference, made up and filed his report on the 26th day of December, 1900, wherein he says: "Your commissioner finds that there is nothing dus from the said W. W. Peyton to said W. M. Mertens on any mechanics' lien mentioned in the cause." That there is due from W. W. Peyton to Sam Beswick on mechanics' lien, Ex. No. 4, not including the items excluded by the court, on demurrer and exceptions, including interest, the sum of $110.41; that there is due from W. W. Peyton to the Cassini Mosaic & Tile Company, including interest, $323.71; that your commissioner finds that after allowing to said Harvey, executor, credits for payments made on the two contracts, mentioned in his answer, and the liquidated and unliquidated damages to which he is entitled, he is not indebted to the said W. W. Peyton for any amount; that according to your commissioner's finding, the said W. W. Peyton is indebted to said Harvey, executor, a balance of $18.71. The account as stated is as follows:

To amount of contract made April 13, 1899 ......$3,940.04
To amount of contract made May 3, 1899 ........ 3,400.00

By amount paid by executor on said contracts ..... 5,409.23

By amount necessary to complete the work as per
    Carr's calculations ........................  511.23
By amount of damages due as per Maupin's deposi-
    tion, ......................................  500.00
By amount paid Hagen & Compamy for repairs....  34.74
By amount paid Murrell & Lee for repairs........  3.00
By amount of liquidated damages per contracts ....  900.00

To amount overpaid, $18.71.

Your commissioner having found that there is no amount due from said Harvey, executor, to the said W. W. Peyton, he therefore finds that there are no liens against the property; but if the court should find there is anything due from said Harvey, executor, to the said W. W. Peyton on said contracts, then your commissioner is of the opinion and finds that the mechanics' lien of the said W. M. Mertens and the said The Cassini Mosaic & Tile Company, are not sufficiently proven and are not liens on said property; and as to the liens on any amount that the court might ascertain, if anything, to be due, he herewith reports them in the order of priorities, amounts, etc., as follows:

Sam Beswick, $110.41, etc.

Said W. M. Mertens, Sam Beswick, P. Hanson and The Cassini Mosaic & Tile Company, excepted in writing to said report, and said Harvey, executor, also excepted to the said conditional finding of the commissioner in favor of said Beswick, and for other reasons stated by him and filed in the record. The cause was finally heard by the court upon all papers, proceedings and evidence therein, and upon the exceptions to said report; and on the 5th day of August, 1901, the court entered a decree in which it is recited that there is due and owing from W. W. Peyton to the plaintiff Mertens, $439.60; that the statement between H. C. Harvey, executor, and W. W. Peyton, and the finding by the commissioner that Harvey, executor, has overpaid the said Peyton the sum of $18.20, is correct, between said Harvey and said W. W. Peyton; but as to the claims of the mechanics' lienors, including interest to the date of said report, aggregating the sum of $873.72, the same should not be affected by the item of $900.00 allowed as liquidated damage, and that as to said item or so much thereof as is re-

quired to pay said mechanic liens, the said Harvey, executor, should look to said W. W. Peyton and his bondsmen to indemnify him or his estate as to such damages, or such parts thereof as will be required to pay the mechanic liens on said property therein provided for, with costs. The decree finds that the demands in favor of the plaintiff, W. M. Mertens, for $382.00; The Cassini Mosaic & Tile Company for $323.71, and Sam Beswick for $110.41, are valid and subsisting liens on the lots and buildings described in the cause.

The court decrees that the said report of the commissioner be modified in the foregoing particulars, and as modified it was approved and confirmed; that the said Peyton should pay to said Mertens, Cassini Mosaic & Tile Company, and said Sam Beswick, said sums found due to them respectively, with interest and costs; that said sums be and were liens on said lots and buildings, and that unless said Peyton or Harvey, executor, should pay said sums with interest and costs to the parties entieled to the same, within sixty days, said property should be sold by special commissioners, who were then named and appointed.

From this decree said H. C. Harvey, executor, appeals, and the said P. Hanson was also allowed an appeal from that part of the decree sustaining the demurrer to his petition and answer.

All of the assignments of error can be considered and disposed of together. The appellant, Harvey, contends in substance, that all of said alleged mechanic liens are fatally defective; that if suffcient in form, they are not liens on the propertty because there were and are two separate contracts between Harvey, executor, and Peyton for remodeling and repairing two separate and distinct buildings, called the "Harvey Building"; and that none of the alleged liens specify under which particular contract between appellant and Peyton, said work and labor were perforemd, or material furnished; or upon which particular building said work and labor were performed, or for which, said materials were furnished; that each of said parties claiming liens, as aforesaid, were and are sub-contractors under contracts with Peyton; and that it being found and determined by the commissioner and the court, that appellant owed Peyton nothing, the said sub-contractors with Peyton

cannot have satisfaction of their said demands from Harvey, or from the proceeds of a sale of said property.

It is unnecessary now to pass upon the action of the court in sustaining said demurrer. One claim filed with the bill will be hereafter referred to in connection with the demurrer.

The evidence taken by the commissioner, and used by him in making up his report, is filed with, and as part of, said report, and proves that said R. T. Harvey, testator, mentioned in the papers of the cause, erected the original buildings on the two lots described in the bill, the one, a three story building facing on Third Avenue and running back seventy feet; that several years afterwards he removed some frame buildings off the Tenth Street side, on the rear of said lots, and erected a two story building fronting on Tenth Street seventy feet. The said buildings were built at different times, and had no connection with each other, except that the Tenth Street building abutted against the Third Avenue, or three story, building. It is further shown, that when the contract was made for the repair of the said three story building, there was no arrangement between Harvey and Peyton, contemplating the repair of the two story building. Harvey swears that they are two separate and distinct buildings.

It is made clear that part of the Harvey building, or block mentioned in the record, is a three story building fronting sixty feet on Third Avenue, and extending back seventy feet, along Tenth Street; that the contract made by Harvey and Peyton on the 13th day of April, 1899, was and is for the remodel and repair of this building, and that the other part of said Harvey building or block, is a two story building, fronting seventy feet on Tenth Street, and extending back in the rear of the three story, or corner building. The contract of May 3, 1899, is for the remodel and repair of the last mentioned building.

The parties asserting said liens are sub-contractors, or contractors with Peyton. They have their remedy against the property, if any, by reason of the contracts between the owner and principal contractor.

The lien of mechanics and others, under chapter 75 of the Code, is exclusively the creature of the statute, deriving its

existence only from positive enactment. There can be no lien of this character independent of the statute. It is not the contract for erecting or repairing the building which creates the lien, but it is the use of the materials furnished and labor expended by the contractor, whereby the building becomes a part of the freehold, that gives the material man and laborer his lien under the statute. The statute does not give the mechanic the right to his debt, but furnishes a remedy for its collection. In order that a perosn, who asserts such lien, may enforce it, he must show a substantial compliance, on his part, with all of the essential requirements of the law. Phillips on Mechanics' Liens, 3rd Ed. 15; 15 Am. & Eng. Ency. Law, pp. 5, 6.

In *Niswander & Co.* v. *Black,* 50 W. Va. 188, 196, it is held: "A mechanic's lien is of statutory creation, and can be maintained only by a substantial observance of, and compliance with, the requirements of the statute." *McGugin* v. *O. R. R. Co.,* 33 W. Va. 66.

The statute above cited, requires the laborer, mechanic, or purson furnishing material, to file with the clerk of the county court, a just and true account of the amount due, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners, if known.

This Court, in *Niswander & Co.* v. *Black, supra,* 196, says: "The contention was that the mere inspection of a record, to be found at a particular place, should disclose all the information necessary in order to enable those interested therein to determine as to the existence of liens on the property. The record should be sufficient to give in itself the information intended by the recordation and should not be made to depend upon verbal explanations of its meaning, and the record cannot be supplemented by parol evidence after suit brought to enforce the lien."

Each of the alleged liens asserted in the bill, except that of Beswick, fail to show on which of said buildings the labor therein mentioned, was performed, or for which building, the materials were furnished. The account of said Beswick, and affidavit thereto, does show that the materials furnished by him were for repairing and altering a certain two and three story brick business house, &c.; but does not state that such re-

pair or alteration was provided for in the contract between the owners of the property, or their authorized agent, and Peyton, the principal contractor. This defect was reached by the demurrer. Jones on Liens, Vol. 2, sec. 1310, says: "The lien is specific, that is, it is confined to the *particular building or structure* upon which the labor was done, or for which the materials were furnished. Thus a single lien for materials furnished for repairing a house, and also for materials furnished for constructing a fence, cannot be enforced upon both the house and the fence. The claimant may have a lien upon the house for the materials furnished for the repairs upon the house, and he may have another lien for material used in the construction of the fence; but he has no lien upon the house for materials used in building the fence, and he has no lien upon the fence for materials used upon the house." Again, in sec. 1311, the same author says: "Labor and materials applied to one house cannot be lien upon another;" and in sec 1313: "When labor is performed or materials furnished, *under one contract,* upon several buildings, all situate upon one lot of land, belonging to the contracting owner, the lien attaches to all the land for the whole value of the labor performed, and it is immaterial whether the contract specifies one sum for all work, or separate amounts for each building." In sec. 1314, it is stated: "Where separate buildings, though in one block, are erected under *separate and independent contracts,* no lien can attach under such contracts to all the houses."

The object of the notice is to impart information to the owner, of the amount and character of the claim intended to be fixed as a lien upon the property, so that he may protect himself in his future dealings with the contractor. 15 Am. & Eng. Ency. Law, 128. The contracts refer specifically to the respective buildings composing the Harvey building, or block, which were to be remodeled and repaired. They were duly recorded before said labor was performed upon, or material furnished for, said buildings, or either of them.

Tested by the foregoing rules, the said accounts, and each of them, are insufficient, and constitute no lien upon said property.

It was not clearly apparent to us, upon what principle the circuit court held, that as between H. C. Harvey, executor,

and said W. W. Peyton, principal contractor, Harvey had over-paid Peyton the sum of $18.20 upon said contracts; and that, notwithstanding this, the said Harvey and the said property were liable to Mertens, Beswick and the Cassini Mosaic and Tile Company in sums aggregating $873.72. Under section 5 of chapter 75 of the Code, the said contracts between Harvey and Peyton had been recorded as prescribed therein. The par-ties asserting said demands against Peyton as liens on said property were bound by notice of the terms of said contracts. A sub-contractor's remedy is limited to its extent, by the terms of the original contract between the owner and contractor. And the amount which can be secured by a sub-contractor is limited to that due from owner to contractor. 15 Am. & Eng. Ency. Law 51. The court holds that, as to the said nine hun-dred dollars allowed to Harvey as liquidated damages, or so much thereof as may be required to pay said mechanic liens, said Harvey should look to Peyton and his bondsmen. If Har-vey is entitled to said nine hundred dollars, as found by the court, it is by reason of his stipulations therefor in his con-tracts with Peyton; and if, as is shown by the decree, he owes Peyton nothing on account of said contract, it follows that neither he nor his property is liable to said sub-contractors, or either of them who may have performed labor upon, or fur-nished material for, said buildings, under their contracts with Peyton.

It might be urged that the said nine hundred dollars was and is a penalty and cannot be legally enforced. Hammon on Con-tracts, section 471, states this rule: "If a contract is for a matter of uncertain value, and a fixed sum is to be paid for the breach of one or more of its provisions, this sum may be re-covered as liquidated damages, provided that it is not so grossly in excess of the prospective or actual loss as to shock the con-science of the court, and preclude the idea that it was intended otherwise than as a penalty. This rule is illustrated by a stip-ulation in a building contract, whereby the contractor promises to pay a fixed sum weekly or per diem for delay in performance beyond the time set for completion. Such a sum is ordinarily regarded as liquidated damages. Second. If a contract is for a matter of a certain value, or of a value readily ascertainable, and on breach of it a sum is to be paid in excess of that value,

this is a penalty, and not liquidated damages. This. rule finds illustration in a promise to pay a larger sum in case a smaller sum is not paid by a fixed day, as where a note provides for an increased rate of interest after maturity. The higher rate is a penalty, and the payee may recover interest after maturity only at the lower rate specified."

This was one of the questions referred to the commissioner. He investigated and passed upon it; and found nine hundred dollars due from Peyton to Harvey for liquidated damages; and the court says that his finding is correct, as between the parties to the contract, upon which this finding is predicated. There is evidence in the cause in support of this finding. "When questions of fact. are passed upon by a commissioner, and his findings thereon are approved and confirmed by the circuit court, the appellate court will regard those findings in the nature of a verdict of a jury and will not reverse them unless it plainly appears that they are not warranted by any reasonable view of the evidence." *Handy* v *Scott*, 26 W. Va. 710; *Boyd* v. *Gunnison*, 14 W. Va. 1; *Roots* v. *Kilbreth*, 32 W. Va. 585; *Carter* v. *Gill*, 47 W. Va. 504. The finding of the commissioner, as to the nine hundred dollars, is not plainly erroneous, and will not now be disturbed.

The court did not err in sustaining the demurrer aforesaid. It should have also sustained the demurrer of said Harvey to exhibit No. 4, filed with the bill, and made a part of the answer of defendant, Beswick; and should not have held said demands of Mertens, Beswick and the Cassini Mosaic & Tile Company, or either of them, liens upon said property.

For the foregoing reasons there iss error in said decree. It is therefore reversed, and the bill is dismissed, but without prejudice to the said creditors of said W. W. Peyton to institute any proper actions at law against him for their said demands, if they be advised to do so. Costs are awarded to appellant, H. C. Harvey, both in this, and the said circuit court by him expended..

*Reversed.*