G. B. HIBNER *v.* CHARLES EBERSBACH *et al.*

(No. 6819)

Submitted February 17, 1931.   Decided February 24, 1931.

*W. W. Smith,* for appellant.

*J. Luther Wolfe, Chalmers M. Parker,* and *Daugherty & Daugherty,* for appellees.

HATCHER, JUDGE:

This is a suit on the bonds (two) of a road contractor. Plaintiff appeals from an order sustaining demurrers to and dismissing the bill.

The following allegations are made by the bill: Defendant Ebersbach of Pomeroy, Ohio, (doing business as Ebersbach Construction Company) contracted with the State Road Commission to construct ten continuous miles of public road, which were divided into two projects of five miles each. A separate contract was executed for each project; and a separate bond with defendant Southern Surety Company, as surety, was furnished by Ebersbach on each contract. He then sublet to the defendant Huntington Engineering Company, in one contract, all the work on both projects. The Engineering Company employed E. W. Hibner to do hauling on both projects, and his account therefor was $1,690.29. The Engineering Company breached the contract, and Ebersbach finished the construction of the entire ten miles himself. Two of Hibner's trucks were used by Ebersbach on the work, and the charge for their use was $1,565.00. Both bills are unpaid. Hibner assigned his accounts to plaintiff.

The bill prayed for a judgment against Ebersbach and his surety for the sum of both accounts, or $3,255.29, and a judgment against the Engineering Company for $1,565.00 (should be $1,690.29). The demurrers were sustained on the ground that the bill was multifarious.

· Counsel for appellees take this position "There are two separate and distinct contracts with the state, two separate and distinct bonds, and two separate and distinct projects." This position is technically correct and might be successfully asserted by the Road Commission were it a party; but as Ebersbach and the Huntington Engineering Company both treated the two projects as one, and this treatment was permitted by the common surety on the two bonds, the position cannot now be sustained by the appellees.

Counsel further contend that there is no community of interest in the contracts of Hibner with Ebersbach and the Engineering Company, respectively. Code 1923, chapter 75,

section 12, provides that it shall be the duty of all legal bodies having authority to contract for any public construction, to require of the contractor a bond conditioned as follows: " * * * in the event such contractor shall fail to pay in full for all such materials, machinery, equipment and labor used by him in * * * construction * * * of such * * * structure, * * * then said bond and the sureties thereon shall be responsible to said materialmen, furnisher of machinery or equipment, and furnisher or performer of said labor, or their assigns, for the full payment of the full value thereof.'' The manifest purpose of this provision is to protect the men who actually furnishes material or machinery, or performs labor on the structure. *Iron Works* v. *County Court*, 89 W. Va. 367, 374. The bond is the security substituted by the statute in place of laborers' and mechanics' liens which are not permitted on public structures. *Hicks* v. *Randish*, 106 W. Va. 109, 113. In pursuance of that substitution, none save the principal contractor and his surety are recognized by the statute. Within its contemplation, labor performed for the subcontractor on a public structure is labor *used by* the principal contractor thereon, and he is responsible for the payment thereof. A permanently improved highway, such as the one constructed by Ebersbach, is a *public* structure. *State etc.* v. *Indemnity Co.*, 99 W. Va. 277. It is true, as counsel say, that the Engineering Company had no interest in the contract between Ebersbach and Hibner. But under the statute, Ebersbach and his surety are just as liable for the work Hibner did for the Engineering Company as if that work had been performed directly for Ebersbach. Both of Hibner's accounts have ultimately the same paymasters. Consequently the two contracts do have interests in common, and joinder thereof in this suit does not render the bill multifarious. Hogg's Eq. Pro. (Carlin's Ed). sec. 152, pars. 4 and 5; 1 Beach Mod. Eq. Pr., sec. 115. 118.

The jurisdiction of the lower court is questioned. Under the authorities cited in *State etc* v. *Indemnity Co., supra,* on page 289, as well as under section 13 of the above chapter (by analogy), equity is the proper forum in which to enforce liability under the bond. The principal office of the Hunt-

ington Engineering Company is alleged to be in Huntington, West Virginia. Consequently plaintiff had the right to bring this suit in the circuit court of Cabell County, as the county wherein one of the defendants resides. Code 1923, chapter 123, section 1.

The ruling of the circuit court is accordingly reversed and the cause remanded.

*Reversed and remanded.*