GUY A. ROSENBAUM *v.* PRICE CONSTRUCTION COMPANY *et al.*

(Nos. 8273 & 8273-A)

Submitted February 5, 1936.   Decided March 3, 1936.

*F. W. Riggs* and *Russell W. Morris*, for appellant Price Construction Company.

*Rummel, Blagg & Stone,* for appellant Western & Southern Indemnity Co.

*Kay & Casto,* for appellee Rosenbaum.

HATCHER, PRESIDENT:

In this suit, the contractor of the surety of a defaulted subcontractor recovered a judgment for work on a road project against the general contractor and its surety. The recovery was based on a unit value for excavation in excess of the first subcontract price. The general contractor and its surety appealed.

The general contractor is defendant, Price Construction Company (hereinafter called Price). In 1929, it secured a contract to construct a certain public road project and defendant, Western & Southern Indemnity Company, is its (ultimate) surety. The contract provided a unit price of 45 cents a cubic yard for unclassified excavation.

Price sublet a portion of the contract to defendant, Carl Horn, whose surety is defendant, Southern Surety Company. Horn's contract provided the unit price of 40½ cents per cubic yard for unclassified excavation. After performing part of his contract, Horn defaulted, and Price requested Horn's surety, Southern Surety Company, to complete Horn's contract. The Surety Company engaged the plaintiff Rosenbaum to do so under a contract, in writing, which referred to the Horn contract and to his default, recited that the Surety Company was the surety on Horn's bond and had been requested by Price to complete the work, and obligated the Surety Company to pay Rosenbaum the unit price of 80 cents per cubic yard for the remaining unclassified excavation. The contract also contained this covenant: "It is understood and agreed that the contract and specifications between Price Construction Company, Inc., and the State Road Commission and the contract of Price Construction Company, Inc., and Carl Horn are made part hereof as if fully herein set forth." Plaintiff completed the work undertaken by Horn. Price paid the Surety Company for the yardage excavated by plaintiff at the price fixed in Horn's contract, i. e., 40½ cents a cubic yard, and the Surety Company accounted to plaintiff for that payment. Pending these transactions, the Surety Company became insolvent. In this suit, plaintiff demands of Price and Western & Southern Indemnity Company the difference between the amount he received per cubic yard for unclassified excavation (40½ cents) and 80 cents.

Plaintiff takes the position that 80 cents per cubic yard was the fair value of the excavation, and that under Code 1923, chapter 75, section 12, he is entitled to recover from Price the unpaid balance of that value. That section required of Price a bond obligating it and its surety to "the full payment of the full value" of all work and material used in the construction of the road. (If the bond of Price did not actually have that condition, the law will treat the bond as if it had. *Hicks* v. *Randish*, 106 W. Va. 109, 144 S. E. 887; *Lumber Co.* v. *Smithy*, 107 W. Va. 482, 148 S. E. 850.) Section 12, however, is

not construed as broadly as its phrases imply. We are committed to the rule that section 12 must be construed in the terms of section 2 (of the same chapter) relating to mechanic's liens. By that rule, section 12 furnishes persons contracting with a principal or an under contractor on a public structure, *only such security as section 2 would give them, if the structure were private instead of public.* *Motor Co.* v. *Casualty Co.,* 109 W. Va. 67, 152 S. E. 860; *Rhodes* v. *Riley,* 113 W. Va. 679, 169 S. E. 525. Consequently, the rights of this plaintiff must be determined according to section 2.

We have no decision directly in point on section 2 in its present form. However, we have two decisions on the statute as originally phrased, *McGugin* v. *Rr. Co.,* 33 W. Va. 63, 10 S. E. 36, 38, and *Richardson* v. *Ry. Co.,* 37 W. Va. 641, 17 S. E. 195, which furnish guidance. The original statute gave a lien to those laboring or furnishing material *under a contract with the owner or his agents.* (A contractor was considered an agent.) See Warth's Code 1887, chapter 75, section 2. In the *McGugin* case, the right to a lien was recognized as purely statutory and a subcontractor in the second degree was denied a lien, because not included in the statute. The opinion quoted with approval authorities which stated that the right to a lien had been rarely extended to subcontractors in the second and third degrees, and which said: "The plainest expressions of law must be adduced to entitle them to the remedy." The *Richardson* case held: "The meaning of this section cannot be extended to embrace persons who have no privity of contract with the company (the owner)." The statute was amended in 1891 to afford liens to those who had contracted with "a principal contractor or his subcontractor." Another amendment in 1917 changed the phrase descriptive of the contractors, to the following: " * * * with such general contractor or with a subcontractor for part of the work."

We must assume that the legislature was familiar with the restrictions stated in the *McGugin* and *Richardson* cases. We must also assume that the legislative extension (in favor of those contracting with subcontractors)

was made advisedly; and that any further expansion of the statute was intentionally omitted. The present statute, thus read, gives liens only to general contractors and subcontractors and persons contracting with them. Beyond those three classes, the statute affords no protection. While we have said that the purpose of section 12 "is to protect the man who actually furnishes material or machinery, or performs labor on the structure" (*Hibner* v. *Ebersbach*, 110 W. Va. 177, 179, 157 S. E. 178) that statement was applied and meant to apply only to a man within a class specified in section 2. Plaintiff did not contract with Price or Horn, but only with the Surety Company. It was neither a general contractor nor a subcontractor. Therefore, plaintiff is not within a class protected by the statute. *Nixon* v. *Cydon Lodge*, 56 Kan. 298, 305, 43 P. 236; *Farmer* v. *Power Co.*, 117 Wis. 76, 93 N. W. 830, 98 Am. St. Rep. 914; Phillips on Mechanic's Liens, secs. 49 and 60; Boisot, *idem*, sec. 237; Rockel, *idem*, sec. 58.

Plaintiff's counsel contend that the Surety Company took the place of Horn, "stood in his shoes," and should be regarded in equity as a subcontractor. That construction would not advance plaintiff's cause. No one would contend that the Surety Company, standing in Horn's shoes, could recover more of Price than the Horn subcontract price. The only contractual connection between plaintiff and Price is through the Surety Company. It is illogical that the Surety Company, by the mere fact of employing plaintiff to do Horn's work for it, could confer on plaintiff greater rights against Price than the Surety Company itself had. The law is settled that a subcontract is ordinarily subordinate to the overcontract. *Mertens* v. *Tile Co.*, 53 W. Va. 192, 204, 44 S. E. 241; *Culmer* v. *Caine*, 22 Utah 216, 223, 61 P. 1008; *Hotel Co.* v. *Hardware Co.*, 56 Kan. 448, 43 P. 769; *Herbert* v. *Herbert*, 57 Howard's Pr. (N. Y.) 333; *Henley* v. *Wadsworth*, 38 Cal. 356; Phillips, *supra*, sec. 62; Boisot, *supra*, sec. 228; 20 A. & E. Ency. Law, subject Mech. Liens, 362. Consequently, plaintiff's demand against Price, gauged

by the contract between the Surety Company and Price, has no legal or equitable dimensions.

And finally, under the facts here, plaintiff cannot recover from Price on the theory of a *quantum meruit*. That theory is based on an implied contract. An implied contract and an express one covering the identical subject matter cannot exist at the same time. 13 C. J. subject Contracts, section 9. If the latter exists, the former is precluded. 71 C. J., subject Work and Labor, section 42. Here plaintiff's express contract with the Surety Company precludes an implied contract with Price. The fact that Price was benefited does not change the rule. "Implied undertaking cannot arise as against one benefited by work performed, when such work was done under a special contract with other persons." *Walker* v. *Brown*, 28 Ill. 378, 81 Am. Dec. 287.

The decretal judgment of Rosenbaum against Price is reversed so far and so far only as it includes payment for unclassified excavation in excess of 40½ cents a cubic yard.

*Reversed.*