**In re V.N. DePRIZIO CONSTRUCTION COMPANY, Debtor.**

**Louis W. LEVIT, Trustee, Plaintiff,**

**v.**

**ARGONAUT INSURANCE COMPANY, and Assurance Agency, Ltd., Defendants.**

**Bankruptcy Nos. 83 B 4804, 85 A 0007.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 20, 1985.

**2.** 1984 Amendments

Sharon P. Riley, Levit & Mason, Ltd., Chicago, Ill., for plaintiff.

Gerald W. Cook, O'Halloran, Lively & Walker, Northbrook, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter was heard on cross motions for summary judgment filed by Louis W. Levit, Trustee (trustee) and Assurance Agency, Ltd. (Assurance). The Court having carefully considered the pleadings and memoranda filed herein as well as documents, affidavits and evidence submitted therewith and having heard the oral arguments of both parties, does hereby grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.

## THE FACTS

The parties have entered into a Stipulation of Facts and the Court makes the following findings of fact in accordance with that stipulation.[1]

The debtor, V.N. DePrizio Construction Company (DePrizio) was engaged in the

---

1. Louis W. Levit, trustee and plaintiff herein, stipulated to certain facts for purposes of this motion only. Since the Court rules in favor of the plaintiff, the plaintiff's reservations are not addressed and the facts are looked at in the light most favorable to the defendant. *U.S. v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

construction business prior to filing a voluntary bankruptcy petition on April 14, 1983. Louis W. Levit, plaintiff herein, is the duly appointed trustee of the bankrupt. Defendant Argonaut Insurance Company (Argonaut) is an insurance company which provided workmen's compensation insurance as well as other insurance to DePrizio. Assurance Agency, Ltd. is an independent insurance broker which arranged the insurance policies between Argonaut and DePrizio.

In 1982, a workmen's compensation insurance policy was placed by Assurance on behalf of DePrizio with Argonaut. The premiums paid for the policy were based upon an estimated premium, subject to adjustment at the expiration of the policy. Assurance paid all the premiums under the policy directly to Argonaut and DePrizio paid Assurance. At the expiration of the policy, Assurance had paid Argonaut at least $33,741.00 more than it had received from DePrizio. DePrizio has never paid Assurance those final payments under the policy. Under the terms of its agency agreement with Argonaut and the terms of the workmen's compensation insurance policy, Assurance was not obligated to pay the premiums to Argonaut on behalf of DePrizio.

Per the terms of the insurance agreement, an adjustment was made after the expiration of the policy. The policy expired pre-petition while the adjustment was calculated post-petition. This adjustment resulted in a refund due of $33,741.00. It is this $33,741.00 refund that is the center of the dispute.

Assurance claims that it is entitled to the $33,741.00 on the grounds that the premiums paid to Argonaut merely constituted a deposit to cover estimated premiums, and that Assurance is entitled to the return of its funds from the deposit. In the alternative, Assurance argues that it is entitled to recovery under the set-off provisions of § 553 of the Bankruptcy Code. 11 U.S.C. § 101 et seq.

The trustee claims that it is due the refund for the benefit of the estate on the grounds that the payments made by Assurance to Argonaut were unsecured advances or loans made by Assurance to DePrizio. In the alternative, the trustee argues that Assurance is not entitled to set-off under § 553 of the Bankruptcy Code.

Argonaut makes no claims to the funds and has placed them in escrow with the Trustee. Argonaut is not an active party to this case.

## DISCUSSION

### I.

The cross-motions for summary judgment were brought pursuant to Rule 7056 of the Rules of Bankruptcy Procedure which applies Rule 56 of the Federal Rules of Civil Procedure to summary judgment actions in adversary proceedings.

The primary purpose of a motion for summary judgment is to avoid an unnecessary trial and Rule 56 is the procedural device for promptly disposing of actions in which there is no genuine issue of any material fact. *Mintz v. Mather's Fund, Inc.,* 463 F.2d 495 (7th Cir.1972). Federal Rule 56(c) states that the

> judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c) F.R.C.P. Therefore, the first inquiry the court must make is whether, based on the pleadings, memoranda, affidavits and other materials, there exists a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. *U.S. v. O. Frank Heinz Construction Co.,* 300 F.Supp. 396, 399 (D.C.Ill.1969).

The parties urge the Court to reach different conclusions based on their respective interpretations of the law. However, the parties, as stated *supra,* have entered into a stipulation of relevant facts so that there is not any fact which raises a genuine

dispute which is material or relevant to the Court arriving at a judgment as a matter of law. Therefore, the decision as to who has the superior interest in the refund can be rendered as a matter of law.

## II.

Assurance relies, in large part, on *In re Fernandes Super Markets, Inc.*, 1 B.R. 299 (Bankr.Mass.1979) for its argument that it is entitled to the refund because the payments made by Assurance to Argonaut were actually deposits for earned premiums. The facts in *Fernandes*, however, are distinguishable from the facts in the present case. In *Fernandes*, the insurance broker was, under the terms of the agency agreement, required to pay all premiums due "regardless of whether he [the insurance agency] has collected such amounts from the insured." *Id.* at 300.

In the case at bar, Assurance was under no obligation to pay the premiums if it did not collect them from DePrizio. Paragraphs D and H of the addendum to the agency agreement between Argonaut and Assurance reads as follows:

D. If the Agent is unable to collect any premiums due, the Agent may be relieved of the responsibility for the payment of such premiums, provided:

1. For premiums resulting from physical or final audits or retrospective rating adjustments, the Agent has notified the Company in writing within 45 days from the end of the month in which the billing was made.

2. For premiums due on interim reports, the Agent has notified the Company in writing no later than 75 days from the report ending period.

3. For deposit premiums, the Agent has notified the Company in writing within 45 days from the end of the month in which the insurance became effective.

4. For installment or automatic billings, the Agent has notified the Company in writing within 45 days of the due date on the endorsement.

Regardless of the method of payment, no commission shall be paid to the Agent on such premiums.

In the event that the Agent fails to request such direct collection within the above stipulated periods, the Agent shall remit to the Company the net premiums due.

H. The Agent may pay premiums on behalf of the insured, and, in the event it does, *the Agent is deemed to have extended its credit* and not that of the company, and accepts full responsibility for the collection and payment of such premiums. [Emphasis added.]

Under the terms of the agency agreement, Assurance could have been relieved from having to have made any payments simply by notifying Argonaut. This distinction is crucial in the classification of payments made by Assurance on behalf of DePrizio.

By its own terms, the agency agreement characterizes the payments made by Assurance to Argonaut as premiums, not as deposits against earned premiums. These payments by Assurance created an account receivable or loan due from DePrizio, but did not create some kind of escrow account in the name of Assurance on the books of Argonaut. Once a payment was made by Assurance to Argonaut on behalf of DePrizio, Assurance became an unsecured creditor of DePrizio by the amount of any payment made in excess of funds received from DePrizio. Assurance, as an unsecured creditor, has the same rights, obligations and risks, including bankruptcy, as any other unsecured creditor.

## III.

By classifying monies due Assurance by DePrizio as unsecured loans or accounts receivable, the issue then becomes whether Assurance is entitled to set-off the post-petition refund against these advances under § 553(a) which reads in pertinent part:

§ 553 Set-off.

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any

right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against the claim of such creditor against the debtor that arose before the commencement of this case, . . .

11 U.S.C. § 553(a). "The critical determination in a question of setoff of a debt of the debtor against a claim of a creditor is whether the debt is mutual." *In re Virginia Block Co.*, 16 B.R. 771, 774 (Bankr. W.D.Va.1982). In addition to the debts and claims being mutual, they must also be prepetition. *In re Braniff Airways, Inc.*, 42 B.R. 443, 447 (Bankr.N.D.Tex.1984). The refund in question here is neither a mutual debt nor did it arise pre-petition.

"As a general rule, for mutuality to exist, each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally." 4 Collier on Bankruptcy ¶ 553.04 at 553.30 (15th ed. 1985). To be mutual then, the parties must have full and concurrent rights against each other. There is no doubt that Assurance had rights against DePrizio. DePrizio was obligated to Assurance for the premiums Assurance had paid to Argonaut on behalf of DePrizio. However, DePrizio had no concurrent right against Assurance. The adjustment to DePrizio's workmen's compensation policy had not yet taken place. The funds in dispute here did not exist as an amount due DePrizio. The mutuality of debt and claim necessary for a set-off under § 553 did not exist. *See Virginia Block, supra,* at 775. Assurance did not have any funds due DePrizio which it could use to set-off the amounts due from DePrizio. In order for set-off to have occurred, the adjustment would have to have been computed and the funds delivered to Assurance prior to the filing of the bankruptcy by DePrizio.

Since the adjustment was not computed until after DePrizio had filed for bankruptcy, Assurance's claim to the funds under the set-off provision of § 553 must fail. There was no mutual, pre-petition

rights which existed between Assurance and DePrizio. As a result, Assurance's status is that of an unsecured creditor while the trustee stands in the shoes of the hypothetical lien creditor. 11 U.S.C. § 544(a).

THEREFORE, IT IS HEREBY ORDERED that summary judgment is granted for the plaintiff and denied as to the defendant. The defendant is given leave to amend its claim against the debtor as appropriate, within 10 days from the date of entry of this order.