## CIRCUIT COURT OF FAIRFAX COUNTY

Park Eldenwood Associates

v.

Firestone Capital Corp. et al.

December 2, 1991

Case No. (Law) 106597

By Judge Rosemarie Annunziata

The matter before the court is the Demurrer to Count V of plaintiff Park Eldenwood Associates' Motion for Judgment filed by Bertram R. Firestone and Diana J. Firestone. In this case, the plaintiff, Park Eldenwood Associates ("Park Eldenwood"), a D.C. partnership, and the defendant Firestone Capital Corporation ("Firestone Capital"), a Virginia corporation, owned interests in Elden Street Limited Partnership ("Elden Street L.P."), a Virginia limited partnership which was formed to own, lease, and operate a retail/office complex located on Herndon Parkway ("Herndon Parkway Center"). Firestone capital was the managing general partner of Elden Street L.P., and Park Eldenwood owned a majority interest in the limited partnership. Defendants Bertram and Diana Firestone personally guaranteed the mortgage loan given to Elden Street L.P. for the acquisition of the Herndon Parkway center.

Section 4.02(b) of the Limited Partnership agreement governing Elden Street L.P. provides in pertinent part:

the Managing General Partner shall not sell all or substantially all of the Partnership's assets at one time, unless (i) not less than 30 days prior to the date of such sale it shall have notified each Limited Partner of its intention to sell all or substantially all of the Partnership's assets and of the material terms of such sale and (ii) during the 15-day pe-

riod immediately following the giving of such notice, it shall not have received written objections to such sale from Limited Partners owning units exceeding one-half of the total number of units owned by all Limited Partners ("a majority in interest of the Limited Partners").

On August 10, 1989, Firestone Capital, the managing general partner of Elden Street L.P., notified the Elden Street L.P. partners of Firestone Capital's desire to sell the Herndon Parkway Center to A. J. Dwoskin & Associates ("Dwoskin"). As of that date, the Herndon Parkway Center constituted all or substantially all of the assets of Elden Street L.P., and Park Eldenwood owned units exceeding one-half of the total number of ownership units in Elden Street L.P. On August 14, 1989, pursuant to § 4.02(b) of the limited partnership agreement, Park Eldenwood notified Firestone Capital that Park Eldenwood could not, at that time, approve the sale of the Herndon Parkway Center to A. J. Dwoskin & Associates ("Dwoskin").

In order to facilitate the sale of the Herndon Parkway Center to Dwoskin, Firestone Capital offered to acquire Park Eldenwood's interests in Elden Street L.P. On or about August 30, 1989, Park Eldenwood and Firestone capital entered into a contract in which Park Eldenwood agreed to exchange its interest in Elden Street L.P. for an interest in West Oaks Limited Partnership B ("West Oaks-B"). Firestone Capital subsequently sold the Herndon Parkway Center to Dwoskin on September 14, 1989. Pursuant to the sale of the Herndon Parkway Center to Dwoskin, Bertram Firestone and Diana Firestone were released from their personal guaranties on the mortgage loan given to Elden Street L.P. and secured by the Herndon Parkway Center.

On June 24, 1991, Park Eldenwood filed this action against Firestone capital and the Firestones, seeking relief under five separate counts. Counts I through IV of plaintiff's Motion for Judgment seek damages against Firestone Capital for alleged misrepresentations, breach of fiduciary duty, breach of contract, and breach of an implied covenant of good faith and fair dealing. All four of these Counts stem from the contract entered into between Park Eldenwood and Firestone Capital in which Firestone Capital acquired Park Eldenwood's interests in Elden Street L.P. to facilitate the sale of the Herndon Parkway Center to Dwoskin.

Count V of Plaintiff Park Eldenwood's Motion for Judgment seeks damages of $575,000.00 from the Firestones under a claim of unjust enrichment. It alleges that:

49. Park Eldenwood conferred a benefit upon Defendants B. Firestone and D. Firestone by consenting to the sale of the Herndon Parkway Center to Dwoskin.

50. Pursuant to the sale of Herndon Parkway Center, B. Firestone and D. Firestone were knowingly released from all personal liability on the mortgage secured by the Herndon Parkway Center. The liability from which B. Firestone and D. Firestone were released totals approximately $575,000.00.

51. B. Firestone and D. Firestone have retained the benefit of the sale of the Herndon Parkway center without compensating Park Eldenwood for the value of such benefit.

Defendants Bertram Firestone and Diana Firestone demurred to Count V on three grounds. First, the defendants contend that the theory of unjust enrichment does not apply where an express contract governs the parties' rights because an express contract precludes the existence of a quasi contract containing the same subject matter. Second, the defendants contend that the plaintiff cannot maintain a claim of unjust enrichment because it has failed to allege that any sum of money was received by the Firestones or that a corresponding loss was incurred by Park Eldenwood. Finally, the defendants contend that the plaintiff has failed to state any facts that would support a claim against the Firestones based upon a quasi contract.

The defendants cite *In re Virginia Block Co.*, 16 B.R. 771 (W.D. Va. 1982), *Rosenbaum v. Price Construction Co.*, 184 S.E. 261 (1936), *Sullivan v. Detroit, Y. & A.A. Ry. Co.*, 98 N.W. 756 (Mich. 1904), and *Chrysler Corporation v. Airtemp Corporation*, 426 A.2d 845 (Del. Super. 1980), in support of their contention that the express contract between Park Eldenwood and Firestone Capital precludes a quasi contract between Park Eldenwood and Bertram and Diana Firestone.

These cases are inapposite because they are premised on elements which are not pleaded in the present case. First, in *Rosenbaum v. Price Construction Co.*, 184 S.E. 261 (1936), unlike the present

case, the third party against whom quantum meruit recovery was sought expressly agreed to be bound by the express contract between the original parties. Second, and unlike the present case, the express contracts in *In re Virginia Block Co., Sullivan v. Detroit, Y. & A.A. Ry. Co.*, and *Chrysler Corporation v. Airtemp Corporation* involved the same subject matter as that upon which the plaintiff's claim for quantum meruit is based. *See In re Virginia Block Co.*, 16 B.R. at 774 (funds at issue were the subject to the express contract); *Sullivan*, 98 N.W. 756 (services at issue were the subject of the express contract; *Chrysler*, 426 A.2d 845 (services at issue were the subject of the express contract). Finally, the express contracts in *Sullivan v. Detroit, Y. & A.A. Ry. Co.*, and *Chrysler Corporation v. Airtemp Corporation* specifically governed the parties' rights to the funds or services provided and which formed the basis of the quantum meruit claim. Since under the facts alleged in the present case, the Firestones have not agreed to be bound by the express contract between Park Eldenwood and Firestone Capital, and since that contract does not involve the subject mater of the quantum meruit claim, nor does it govern the obligations of the Firestones, the express contract does not preclude the existence of a quasi contract between Park Eldenwood and the Firestones, provided the elements of quasi contract are pleaded. *See School Board v. Saxon Lime and Lumber Co.*, 121 Va. 594 (1917); *Kern v. Freed Company, Inc.*, 224 Va. 678 (1983); *Sherwin Williams Co. v. Buckingham Associates*, 20 Va. Cir. 83 (1990).

Having decided that the express contract alleged does not preclude the existence of an implied contract, the court now turns to the defendants' other contentions and specifically to the issue of whether the elements of a quasi contract are sufficiently pleaded in this case. Three elements must be pleaded and proven by the plaintiff in order to establish a quasi contract: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or knowledge of the benefit by the defendant; and (3) an acceptance or retention of the benefit by the defendant in circumstances which would make it inequitable for the defendant to retain the benefit without paying for its value. *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990). The plaintiff has failed to allege facts which support its assertion that it conferred a benefit upon the Firestones. From the facts alleged, it appears that Park Eldenwood transferred all of its interest in Elden Street L.P. to Firestone Capital prior to the sale of the Herndon Parkway Center to

Dwoskin. After Park Eldenwood transferred its interest in Elden Street L.P. to Firestone Capital in exchange for an interest in West Oaks-B, it no longer enjoyed a controlling interest in the Herndon Parkway Center; thus, it could neither block the sale nor dictate the terms of the sale.

While Park Eldenwood's transfer of its interest in Elden Street L.P. to Firestone Capital facilitated the subsequent sale of the Herndon Parkway Center to Dwoskin, the release of the Firestone's personal guaranties was incident to, and was conferred as a result of, the sale from Firestone Capital to Dwoskin; it was not conferred by Park Eldenwood. When the defendant has derived no right or benefit from the plaintiff, the law will not indulge the fiction of an implied promise of the defendant to the plaintiff. *Norfolk v. Norfolk County*, 120 Va. 356, 374 (1917). For this reason, the defendants' demurrer to Count V is sustained.